MERCHANTS' NAT. BANK *v.* THOMPSON.

*(Circuit Court, D. Massachusetts. December 22, 1880.)*

1. REMOVAL—ACT OF 1875, § 2.—Suit was brought by the Merchants' National Bank of Boston to foreclose the equity of redemption of the defendant, Edward Thompson, of Charlestown, New Hampshire, in five shares of trust property held by the plaintiff as collateral security for the payment of the defendant's bond. The defendant averred in his answer that he had sold one of the shares to Henry M. Clarke, of Boston. The plaintiff thereupon amended its bill, and made Clarke a party defendant, who subsequently entered an appearance. *Held*, that such cause could not be removed under the second clause of section 2 of the act of 1875.

2. SAME—JURISDICTION—PROOF.—*Held, further*, that it would be presumed that Clarke was a citizen of Massachusetts, in the absence of any proof to the contrary.

In Equity.

*Russell Gray*, for plaintiff.

*Jabez Fox*, for defendant Thompson.

LOWELL, C. J. This is a motion to dismiss or remand. The Merchants' National Bank of Boston brought a bill in equity in the supreme judicial court of Massachusetts to foreclose

the equity of redemption of Edward Thompson, of Charlestown, in the state of New Hampshire, in five shares of the trust property known as the Huntington-avenue lands, held by the plaintiff as collateral security for the payment of said Thompson's bond for $20,000 and interest, which had come to the plaintiff by assignment from the original holders thereof, and on which all but $1,000 of the principal, and large arrears of interest, were overdue and unpaid. The defendant Thompson appeared and answered, admitting most of the allegations of the bill, but averring that, under the peculiar terms of the trust deed of the lands, a pledgee or mortgagee of shares had no right of foreclosure; and, further, that he had sold one of the five shares to Henry M. Clarke, of Boston. Thereupon, June 15, 1880, the plaintiff amended its bill and made Clarke a party defendant, and on the same day a subpœna was issued to said Clarke to appear on the first Monday of July, 1880. September 13, 1880, Thompson filed in the state court a petition to remove the cause to this court, averring that the bank is a corporation located in and doing business in the state of Massachusetts, and that the petitioner was, at the commencement of the suit, and still is, a citizen of New Hampshire. A bond was filed, to which no objection is taken.

The suit was entered in this court on the first day of this term, October 15, 1880, and I find copies of the bill, amended bill, answer, etc. I do not find any order of the supreme court concerning the removal, nor is one necessary, though it is usual. I do find a certificate of the clerk that an appearance was entered for Henry M. Clarke "during the April term, A. D. 1880," but whether before the petition for removal was filed, on the last day of that term, does not appear.

The defendant Clarke, having been brought in by amendment, is a party to the suit as much as if he had originally been named as a defendant.

The first objection taken to the removal is that the defendant Thompson has adapted his petition to the first clause of section 2 of the act of 1875, (18 St. 470,) as if he were the sole defendant, taking no notice of Clarke, while he now at-

tempts to support the jurisdiction of this court under the second clause, contending that there is a controversy wholly between himself and the plaintiff. I understand the law to be that if, upon the whole record, the jurisdiction of the court can be sustained, the cause will not be remanded for such a misconception in the petition. *Osgood* v. *Chicago, etc., R. Co.* 6 Biss. 330; *Ruckman* v. *Ruckman,* 1 FED. REP. 587. I have once, with the approval of the circuit justice, allowed such a petition to be amended in the circuit court in New Hampshire. It was a case which had been tried after its removal, and a verdict obtained, which, being set aside, the plaintiff discovered that the petition was defective in its allegations of citizenship. I did not feel at liberty to order the plaintiff to amend his own writ, but I did permit defendant to amend his petition. This rule is reciprocal; for if the record shows, at any time, that the suit does not really and substantially involve a controversy properly within the jurisdiction, the court is required to remand it. St. 1875, § 5; 18 St. 472.

Is there a controversy in this suit wholly between the plaintiff and the defendant Thompson? I think not. The suit is to foreclose the equity of five shares in certain lands mortgaged by one person, at one time, for a single debt. When the plaintiff supposed that Thompson still owned all the shares, and brought suit against him, it was a controversy wholly between them. If the plaintiff had not chosen to bring in Clarke, or if Clarke had disclaimed or had made default, and a final decree had been made for or against him, the controversy might once more be between these parties only. But it is the right of the plaintiff to have a single foreclosure of his single debt and mortgage. He is not bound to undergo the expense of two suits, upon what is to him a single cause of action. Clarke, I suppose, has a similar right to insist that a single suit shall settle his position relatively to the defendant Thompson. Thompson has no right to say that the controversy concerns only his four shares, if either the plaintiff or Clarke wish the controversy as to the whole five to be disposed of.

I have looked at many of the cases, but none of them resemble this case very closely. It is for the good sense of the court in each case to discover whether there is one distinct and independent controversy between citizens of different states. If there is, the cause may be removed by any one of the party, no matter how many other controversies may be involved in the same suit, between persons who could not be impleaded in the circuit court.

It has been intimated, though not decided, that if defendants are jointly sued upon a joint and several contract, as trespassers for a joint trespass, that, inasmuch as each defendant is severally liable, any one having the requisite citizenship might remove the cause, at least when the form of action was such that no question of contribution between the defendants could be effected by it. I have not seen even an intimation that they could sever when the plaintiff's right was single, and the defendants had, of themselves, and for their own convenience, split up the subordinate titles.

I am of opinion, therefore, that there is not, at present, a controversy wholly between the plaintiff and the petitioner Thompson.

I have presumed, as both counsel did, that Clarke, who is described as of Boston, is a citizen of Massachusetts. This ought to appear affirmatively, if the jurisdiction of this court depended upon its affirmation; but, as the burden of proof is on the removing defendant, and it does not appear that Clarke is not a citizen of the place of his residence, no amendment is necessary in order to find that the jurisdiction is not made out.

Cause remanded.