[S. F. No. 10,182. In Bank.—May 16, 1922.]

JACOB WEILER et al., Petitioners, v. SUPERIOR COURT, etc., et al., Respondents.

[S. F. No. 10,195. In Bank.—May 16, 1922.]

MOSES F. X. KAVANAUGH et al., Petitioners, v. SUPERIOR COURT, etc., et al., Respondents.

[1] EMINENT DOMAIN—ACTION BY COUNTY—DIFFERENT OWNERS—IMMEDIATE POSSESSION — SEPARATE SECURITY—CONSTITUTIONAL LAW. Under the provisions of section 14 of article I of the constitution, as amended on November 5, 1918, where several parcels of land belonging to different owners are sought to be condemned in an action by a county, the security to the owner of the property required to be given to authorize an order for the taking of immediate possession thereof must consist of a separate and distinct sum of money deposited for the security of each owner, and an order in such an action providing for the deposit of a single sum as security for all the defendants is in excess of the jurisdiction of the court.

PROCEEDINGS in Certiorari to review an order of the Superior Court of San Mateo County providing for the deposit of security in an action in eminent domain. George H. Buck, Judge. Order annulled.

The facts are stated in the opinion of the court.

tum Suden & tum Suden for Petitioners in S. F. No. 10,182.

Ross & Ross for Petitioners in S. F. No. 10,195.

Franklin Swart and John H. Machado for Respondents.

SHAW, C. J.—Each cause above entitled is a proceeding by the plaintiffs therein to review and annul an order of the superior court of San Mateo County, on the ground that it is in excess of the jurisdiction of the court.

The two proceedings involve the same order and the same proposition of law. The order affects the respective rights of the parties in the same manner. They will therefore be considered together.

On November 14, 1921, the county of San Mateo began an action in said court to condemn for a highway a strip of land through and over three separate tracts of land in said county, belonging to different parties. The first tract belonged to William Weiler and Jacob Weiler, the plaintiffs in case S. F. No. 10,182, and the third tract belonged to the plaintiffs in case S. F. No. 10,195. The second tract is owned by Madaline Zanone and six other persons as tenants in common, none of whom is a party to either of these two proceedings.

Thereafter, on February 8, 1922, and prior to the service of any summons on any of the parties to these two proceedings, the affidavit of Joseph J. Phillips was filed in said action, wherein he states that he is acting as agent to secure rights of way for the proposed highway; that he is familiar with the property sought to be acquired in said action, and "is informed as to the value thereof, and as to the extent of the damage that will accrue to the defendants by reason of such condemnation and taking," and that "in his judgment the total value of all the property sought to be acquired together with all the damage by reason of the severance thereof and all other damage of whatsoever kind and nature, to accrue to all of the defendants herein will not exceed $1720."

Thereupon, on the same day, and without notice of any kind to any party to said action, or the taking of any evidence other than said affidavit, and in the absence of said parties, the court made the following order:

"It appearing to the satisfaction of the Court that plaintiff herein, County of San Mateo, a political subdivision of the State of California, has filed an action in eminent domain;

"It is therefore ordered that the plaintiff take immediate possession and use of the property sought to be condemned, and that the sum of seventeen hundred and twenty dollars be and is hereby fixed as the amount reasonably adequate to secure to the owners of the property sought to be condemned immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the property as soon as the same can be ascertained; that such possession be taken upon deposit by said plaintiff with the clerk of this court of said sum."

The defendant herein claims that such order is authorized by the provisions of section 14, article I, of the constitution, as amended on November 5, 1918.

The material provisions of the section, as amended, are as follows: "Private property shall not be taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner, and no right of way shall be appropriated to the use of any corporation, except a municipal corporation of a county, until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefits from any improvement proposed by such corporation. . . . *Provided,* that in an action in eminent domain brought by the state, or a county, or a municipal corporation, or a drainage, irrigation, levee, or reclamation district, the aforesaid state or political subdivision thereof or district may take immediate possession and use of any right of way required for a public use, whether the fee thereof or an easement therefor be sought, upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposits as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudi-

cation that there is no necessity for taking the property, as soon as the same can be ascertained according to law. The court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings.''

[1] The plaintiffs herein claim that this amendment is in violation of the provisions of the constitution of the United States that no state shall deprive any person of property without due process of law. (Art. 14, sec. 1.) We do not find it necessary to consider this proposition for we are of the opinion that the order in question does not conform to the requirements of the aforesaid amendment to section 14 of article I of our constitution. Inasmuch as the provision authorizes an invasion of private property, that is, the taking possession thereof without the consent of the owner, it is obvious that the general principle that such provisions in a statute or constitution must be strictly followed applies to and governs its interpretation and effect. The plaintiffs urge that by the order attacked in this case they do not receive the protection against injury which the first clause of section 14 entitles them to. We think this must be admitted. The language of the section with respect to the security to be given and with respect to the owner thereof is in the singular number throughout, with one significant exception. The court may make the order in question provided the political subdivision which is maintaining the condemnation suit shall give such security in the way of money deposits as the court may direct, ''and in such *amounts* as the court may determine to be reasonably adequate to secure to the *owner* of the property sought to be taken immediate payment of just compensation for such taking and any damage incidental thereto.'' Also that ''upon motion of any *party*'' to the cause, and ''after such notice to the other parties as the court may prescribe,'' the court may ''alter the *amount* of such security so required in such proceedings.'' In a case such as the present, where the property sought to be condemned consists of a highway running through many parcels of land belonging to different persons, the damages and the value of the respective parcels of property sought to be taken may and often will differ widely. The damage to one will in no particular depend upon

the damage to the others. Neither party will be interested in any allowance for damages except his own. The code provides that all the parcels of land sought to be condemned and required for the same public use may be included in the same action at the option of the plaintiff, and that the court may consolidate or separate them to suit the convenience of the parties. (Code Civ. Proc., sec. 1244, subd. 5.) The action, with respect to each party, is of the same character as if he was the sole defendant. The constitutional provision recognizes the separate interests of the several parties and therefore declares that the ''money deposits'' shall be ''in such *amounts*'' as may be found adequate ''to secure to the *owner*,'' payment of his compensation and damages. The word ''amounts'' is in the plural and the word ''owner'' in the singular, thus implying that a different amount may be necessary for each owner. It is also significant that the provision for a subsequent change of amount runs to ''any party'' and provides that the court, on his motion, may ''alter the *amount*,'' the words being in the singular number. This implies the fixing of a separate amount for the security of each party. We think, under these circumstances, the true construction of the amendment of the constitution is that where several parcels of land belonging to different owners are sought to be condemned in the action, the security to the owner of the property to be required to be given to authorize an order for the taking of immediate possesion thereof must consist of a separate and distinct sum of money deposited for the security of each owner. If this were not the case, it is easy to perceive that the development of the case might have the effect of depriving some of the parties of any security whatever. The method pursued in this action is a good illustration of this proposition. The order was made on the affidavit of one person stating that in his judgment $1,720 will be sufficient security for the total damage that may accrue to all the parties. Upon the deposit of this sum the plaintiff in the action, under the order, will be entitled to immediate possession and the defendants will thereupon and at that moment be deprived of all future use of their property. In effect the property is then taken from them, if the action proceeds to a successful conclusion. Opinions in regard to values vary more perhaps than upon any other subject.

Each party is entitled to a trial by jury. The court may in the subsequent progress of the case order that separate trials be had with respect to each party, or some of them. It is not improbable that the total damage may far exceed the estimate of the single witness who fixed the amount without a hearing or notice to either of the parties. It may happen that the damage to the person whose case is first tried may exceed that amount. In any case whenever the amount deposited is exceeded by any verdict and the person who obtains such verdict receives his damage out of the deposit, as he has the right to do, the other parties to the action will have no security whatever. In view of these circumstances it is our opinion that the deposit of a single sum of money as security for each separate owner of property sought to be condemned is a condition precedent to the authority and power of the court to make any order for the delivery of immediate possession, and that an order made without such separate security is in excess of the jurisdiction of the court and void.

The order of the court above set forth is annulled. This order shall be made in each of said proceedings.

Lennon, J., Wilbur, J., Shurtleff, J., Lawlor, J., Sloane, J., and Richards, J., *pro tem.*, concurred.