[Civ. No. 4143.   Second Appellate District, Division Two.—April 25, 1923.]

MARBLEHEAD LAND COMPANY (a Corporation), et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] EMINENT DOMAIN—ACTION BY STATE—OWNERS OF SEPARATE PARCELS—IMMEDIATE POSSESSION—SEPARATE SECURITY—CONSTITUTIONAL LAW.—Under the provisions of section 14 of article I of the constitution, as amended in 1918, in an action in eminent domain brought by the state, the deposit of a single sum of money as security for each separate owner of property sought to be condemned is a condition precedent to the authority and power of the court to make an order for the delivery of immediate possession, and an order made without such separate security is in excess of the jurisdiction of the court, and void.

[2] ID.—OWNERS OF SEPARATE INTERESTS IN ONE PARCEL—SEPARATE SECURITY.—There is no difference, so far as the right to separate

> security under the constitution is concerned, between owners of separate parcels of land and owners of separate interests in the same parcel of land.

PROCEEDINGS in Certiorari to review orders of the Superior Court of Los Angeles County providing for the deposit of security in an action in eminent domain. Frank R. Willis, Judge. Orders annulled.

The facts are stated in the opinion of the court.

Grant Jackson and Newby & Palmer for Petitioners.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, C. C. Carleton and Lorrin Andrews for Respondents.

WORKS, J.—The present constitution of California has always contained a provision to the effect that "Private property shall not be taken or damaged for public use without just compensation having been first made to, or paid into court, for the owner, and no right of way shall be appropriated to the use of any corporation other than municipal until full compensation therefor be first made in money or ascertained and paid into court for the owner, irrespective of any benefit from any improvement proposed by such corporation, which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, as shall be prescribed by law" (Const., art. I, sec. 14). In fact, this language was the entire text of the section as originally adopted. In 1911 the section was amended in a respect which is not of moment in the present litigation. In 1918 a second amendment was adopted. This amendment opens with the original text as above set forth, the time-honored language being followed immediately by these provisions: "*provided*, that in an action in eminent domain brought by the state, or a county, or a municipal corporation, or a drainage, irrigation, levee, or reclamation district, the aforesaid state or political subdivision thereof or district may take immediate possession and use of any right of way required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings accord-

ing to the law in a court of competent jurisdiction and thereupon giving such security in the way of money deposits as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the property, as soon as the same can be ascertained according to law. The court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings." The section now stands as it was amended in 1918.

On December 13, 1922, the people of the state of California, by the department of public works of the state of California, as plaintiff, filed complaint in eminent domain with respondent superior court. All the petitioners before us for the writ of review were defendants in that action, as were also county of Los Angeles, Reider-Haag Company, a corporation, and eight fictitiously named persons. By the complaint the plaintiff in the action sought to condemn a right of way nineteen miles in length for a state highway across the extensive tract of land familiarly known as the Rancho Malibu. After the filing of the complaint, and upon motion to that end, respondent superior court made its two certain orders in the action, each dated December 13, 1922. The first of these, after reciting the fact that the complaint had been filed, and various other matters, including a description of the right of way sought to be condemned, ordered "that the plaintiff . . . deposit in" a certain named bank "the sum of Thirty-Two Thousand One Hundred Eighty Dollars, in a savings account on interest, which sum is to be placed in a special deposit to be paid out only upon the order of the Court herein, and to be held as security for payment to the owner or owners of the property sought to be taken as just compensation for the taking of the parcel of land, and any damage incident thereto, including damages sustained by reason of any adjudication that there is no necessity for taking the property as soon as the same can be ascertained according to law," and also "that upon

satisfying the Court that such deposit has been made in accordance with this order the said plaintiff shall be given an order by the Court authorizing it to take immediate possession and use of the right of way hereinabove referred to, and described.'' The second order, after reciting that it satisfactorily appeared to the court that the deposit required by the first order had been made, was to the effect ''that the said plaintiff, the State of California, may take immediate possession and use of the right of way described in the complaint and in said order, and which said right of way is described as follows'': (Here followed a description of the right. of way.) It is these two orders which are the subject of the application for the writ of review, and, as we have already remarked, the writ issued.

Respondents made due return to the writ and the proceeding is now before us upon the question as to what disposition shall be made of the orders sought to be reviewed.

The return shows that the complaint in the condemnation action contained the following allegations concerning the defendants therein: ''That each, every and all of the said defendants, namely, Marblehead Land Company, a corporation, County of Los Angeles, Hueneme, Malibu and Port Los Angeles Railway, a corporation, Hueneme, Malibu and Southern Railway Company, a corporation, Reider-Haag Company, a corporation, John Doe, Richard Roe, Mary Doe, Jane Roe, John Styles, Richard Styles, Mary Styles and Jane Styles, have or claim to have some right, title, interest, estate or lien in, to or upon the land hereby sought to be condemned and taken, or some part thereof, but the nature and extent of their respective rights, interests, estates or liens are to plaintiff unknown. That the piece or parcel aforesaid sought hereby to be condemned and taken for said public use is a part of a single tract of land.'' These are the only allegations of the complaint as to the respective interests of the various defendants in the land sought to be condemned. The prayer of the complaint requests, in part, in entire consonance with the law and practice in condemnation cases, ''That the respective and separate rights, interests and estates of said defendants be determined by this Court and the value of each and every separate estate or interest in and to the property sought to be condemned [be ( ?) ] ascertained and assessed.''

[1]  One of the contentions by means of which petitioners seek to annul the orders here in question is that respondent court was without jurisdiction to make them upon the giving by the plaintiffs in the action of only a lump sum as the security contemplated by the language of the constitution. Petitioners contend that separate amounts should have been deposited to secure each of the defendants, and cite *Weiler* v. *Superior Court,* 188 Cal. 729 [207 Pac. 247], in support of their view.  The proceeding in which the opinion there reported was rendered was, like the present one, a proceeding for a writ of review.  The order there sought to be annulled was in all respects like the order made by respondent court in the present instance and which we have referred to as the first order made by that tribunal, except that the order in the case cited was based upon a complaint against several defendants, each of whom was the owner of a distinct parcel of land.  The supreme court, in disposing of the question presented to it, advanced a variety of arguments which seem to us to be equally applicable to the orders here objected to, and concluded: "In view of these circumstances it is our opinion that the deposit of a single sum of money as security for each separate owner of property sought to be condemned is a condition precedent to the authority and power of the court to make any order for the delivery of immediate possession, and that an order made without such separate security is in excess of the jurisdiction of the court, and void."

[2]  In view of the rule announced in *Weiler* v. *Superior Court,* the only question to be considered by us is whether the defendants in the action in which the orders before us were made occupy a position in anywise different from owners of separate parcels of land who may be made defendants in a condemnation suit.  It seems plain to us that they do not.  We can see no difference, so far as the right to separate security under the constitution is concerned, between owners of separate parcels of land and owners of separate interests in the same parcel of land.  The owners of separate interests of all kinds, whether they fall within the first or the second classification stated in the last preceding sentence, can be divested of such interests in a condemnation suit only as separate defendants.  The interests of defendants in such an action are as separate and distinct

from each other in the one class as in the other. Section 1248, of the Code of Civil Procedure provides (italics ours) that the decree in every condemnation suit must ''ascertain and assess . . . The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, and of *each and every separate estate or interest therein;* if it consists of different parcels, the value of each parcel and *each estate or interest* therein shall be separately assessed. . . . '' This being the language of the statute as to the requisites of a final decree in condemnation—and it is founded in natural sense and justice and calculated to secure the separate rights of individuals—the people surely intended, in adopting the amendment of 1918 to the constitution, that the security to be given thereunder, where an order for possession and use is made, must be so given as to secure to each owner of a separate interest in one parcel of land a payment of the amount directed to be paid to him under the final decree of condemnation. We are convinced that the present situation is ruled by *Weiler* v. *Superior Court.*

Petitioners advance various other points against the validity of the orders made by respondent court, but we find it unnecessary to consider them.

The motion to amend the writ of review falls to the ground because of the views we entertain as to the point above discussed.

Each of the orders of respondent court is annulled. The motion to amend the writ of review is denied.

Finlayson, P. J., and Craig, J., concurred.