[Civ. Nos. 4345, 4346. Second Appellate District, Division One.—
June 6, 1923.]

MARBLEHEAD LAND COMPANY (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] Eminent Domain—Action by County—Immediate Possession—Security — Ex Parte Order — Constitutional Law. — The provision of section 14 of article I of the state constitution, as amended November 5, 1918, authorizing the taking of immediate possession in an action in eminent domain by the state or a county upon the giving of security, the amount of which is determined upon an *ex parte* showing, does not violate the fourteenth amendment of the federal constitution.

[2] Id.—Effect of Amendment—Taking of Private Property—Payment.—The amendment of 1918 to section 14 of article I of the state constitution, so far as applicable to a condemnation by a county for public use, restores the law to the condition in which it was prior to the adoption of the present state constitution in 1879, and the rule that private property shall not be taken for public use without just compensation is satisfied by the provisions made in the amendment, which provisions insure the payment on reasonable terms as to delay and difficulty in the enforcement of the right.

APPLICATIONS for Writs of Certiorari to review and annul certain orders of the Superior Court of Los Angeles County, and C. S. Crail, Judge thereof, in actions in eminent domain. Petitions denied.

The facts are stated in the opinion of the court.

Grant Jackson and Newby & Palmer for Petitioner.

No appearance for Respondents.

CONREY, P. J.—The petitioner in case No. 4345 applies for a writ of certiorari, that this court may review and annul certain orders of the superior court in an action commenced by the county of Los Angeles to condemn land of the petitioner for road purposes. The orders in this action by their terms permit the county to take immediate possession of the land sought to be condemned, notwithstanding

that no judgment of condemnation has been entered, and the compensation to which the owner of the land·will be entitled has not been ascertained. The first order was based upon an application of the plaintiff in the action, accompanied by an affidavit received as evidence of the amount reasonably adequate to secure to the owner of the property sought to be taken, immediate payment of just compensation for such taking, etc. The second order declared that the plaintiff had complied with the first order, and thereupon ordered that the plaintiff may take immediate possession and use of the described right of way. Both orders were made *ex parte*, without notice to petitioner, who was a defendant in the action.

These orders were made pursuant to or in attempted compliance with the provisions of article I, section 14, of the constitution of California, as amended November 5, 1918. Prior to that time the unqualified provision of that section was such that a right of way could not be appropriated to the use of any corporation other than municipal "until full compensation therefor be first made in money or ascertained and paid into court for the owner." By the amendment of 1918 it was likewise provided that no right of way shall be appropriated to the use of any corporation "except a municipal corporation or a county, until full compensation therefor be first made in money or ascertained and paid into court for the owner," etc. The amendment of 1918 added to this requirement the following proviso: "that in an action in eminent domain brought by the state, or a county, . . . the aforesaid state or political subdivision thereof or district may take immediate possession and use of any right of way required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposits as the court in which such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the property, as soon as the same can be

ascertained according to law. The court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings. . . . ''

[1] Petitioner contends that said section of the constitution as amended violates the fourteenth amendment of the federal constitution (which forbids the state to deprive any person of property without due process of law), if it be held that the section means that possession can be taken without notice upon deposit being made, upon an *ex parte* order. There is nothing unusual or unknown to the ordinary process of law in the taking possession of property without the consent of the owner, during the pendency of actions which either directly or incidentally contemplate the complete taking of the property; although in such cases, the law always provides security for the owner. But the amount of that security is frequently determined by the court upon an *ex parte* showing, usually in the form of affidavits. This is constantly done in cases of attachment, in proceedings for appointment of receivers, and other forms of relief. In the present instance, as in some others, the right to obtain further security is given, if it be made to appear that the amount specified in the first order was inadequate. For, as we have seen, it is provided in section 14 of article I of the state constitution that ''the court may, upon motion of any party to said eminent domain proceedings, after such notice to the other parties as the court may prescribe, alter the amount of such security so required in such proceedings.''

It is our opinion that the decision in *Steinhart* v. *Superior Court*, 137 Cal. 575 [92 Am. St. Rep. 183, 59 L. R. A. 404, 70 Pac. 629], does not sustain petitioner's contention that said constitutional amendment of 1918 does not authorize the taking possession of property by the county for the purpose and under the conditions indicated in the present case. That decision was made in the year 1902. After reviewing decisions upon this subject under the constitution preceding the present constitution, which was adopted in 1879, the court summarizes the law as existing at the time of the adoption of this constitution as follows:

"The possession and use in terms authorized by the statute, before compensation had been made and while the proceeding was pending, is a taking within the meaning of the constitution, but the requirement of the former constitution, which only provided that private property should not be taken for public use without just compensation, was satisfied by a provision which insured the payment on reasonable terms as to delay and difficulty in the enforcement of the right. Viewed in the light of these facts, the change made in the language by the new constitution becomes significant. The following italicized words were added, and no other change was made in the general provision: 'Private property shall not be taken *or damaged* for public use without just compensation *having been first made to or paid into court for the owner.*'

"The purpose of the amendment is perfectly obvious. If the preliminary possession during the pendency of the proceeding is a taking within the meaning of the constitution, it cannot be authorized until the damage resulting therefrom has been judicially determined and the amount has been paid or tendered to the owner."

[2] But, as we have seen, the amendment of 1918, so far as applicable to a condemnation by a county for public use, restores the law to the condition in which it was prior to the adoption of the present constitution in 1879. Therefore, in this instance, the rule that private property shall not be taken for public use without just compensation is satisfied by the provisions made in the amendment, which provisions insure the payment "on reasonable terms as to delay and difficulty in the enforcement of the right."

Nor does this construction of the state constitution bring it into conflict with the constitution of the United States. In *Turpin* v. *Lemon,* 187 U. S. 51 [47 L. Ed. 72, 74, 23 Sup. Ct. Rep. 23, see, also, Rose's U. S. Notes], the court referred to the principle that "in proceedings for the condemnation of land under the laws of eminent domain, or for the imposition of special taxes for local improvements, notice to the owner at some stage of the proceedings, as well as an opportunity to defend, is essential." But to define and limit the time when that opportunity must be afforded was found to be a task of great importance and of some difficulty. In *Hagar* v. *Reclamation Dist.,* 111 U. S. 701 [28 L. Ed. 569, 572, 4 Sup. Ct. Rep. 663, see,

also, Rose's U. S. Notes], referring to the phrase "due process of law" as contained in the fourteenth amendment the court says that by due process is meant "one which, following the forms of law, is appropriate to the case and just to the parties to be affected. It must be pursued in the ordinary mode prescribed by the law; it must be adapted to the end to be attained; and wherever it is necessary for the protection of the parties, it must give them an opportunity to be heard respecting the justice of the judgment sought. The clause in question means, therefore, that there can be no proceeding against life, liberty, or property which may result in the deprivation of either, without the observance of those general rules established in our system of jurisprudence for the security of private rights."

Counsel for petitioner have not referred to any case, and we are aware of none, in which the federal supreme court has held that a procedure like that described in the 1918 amendment of article I, section 14, of the California constitution is in violation of the "due process of law" clause of the federal constitution. We are not in agreement with their contention that said 1918 amendment does not purport to authorize the court in a condemnation proceeding by a county (provisionally and subject to the right to alter the amount of security required), to determine the amount reasonably adequate to secure the owner for the purposes stated, and to make such orders as were made in this case.

As we read the petition, counsel are in error in their statement that under the orders in question, the deposits of money were made to the credit *of the county;* and, also, in their contention that the deposits were not separated as required by law. We think that they were separated in a manner which complies with the rule laid down in *Marblehead Land Co.* v. *Superior Court,* 61 Cal. App. 777 [215 Pac. 922], recently decided by division two of the second district.

The petition in case No. 4346 is like that in case No. 4345, except that it relates to separate condemnation proceedings, in which other land is taken, for another road. In conformity with the views hereinabove stated, we think that in each case the petition for a writ of review should be denied, and it is so ordered.

Houser, J., and Curtis, J., concurred.