### FISH v. MORGENTHAU et al.
#### No. 266.

District Court, D. New Hampshire.
April 18, 1935.

614

Alexander Murchie, U. S. Atty., of Concord, N. H.

Henry N. Rice, of Peterborough, N. H., for plaintiff.

MORRIS, District Judge.

On February 13, 1935, the plaintiff Alfred E. Fish filed a bill of complaint and petition for an injunction against Henry Morgenthau, Jr., Secretary of the Treasury of the United States, Homer C. Cummings, Attorney General of the United States, and Alexander Murchie, United States District Attorney for the District of New Hampshire, complaining that a certain tract of land owned by the plaintiff located in the village of Peterborough, N. H., was about to be taken and condemned as a site for a new post office; that your petitioner is unwilling to sell the same; that he believes deception was used and practiced in the selection of the site; that the land is swampy and unsuitable for the purpose; and that it is remote from the business center of the village of Peterborough and not a proper location for the erection of a post office building. He seeks to have the parties mentioned restrained by injunction from instituting condemnation proceedings, and prays that a bill of discovery may be granted in order that all facts in the possession of the defendants may be disclosed.

On the same date a further petition was filed setting forth the same grounds of complaint in which petition James A. Farley, Postmaster General, is also named as a party defendant. Numerous interrogatories are propounded for an answer from each of the defendants named.

On February 19, 1935, service of the above-mentioned bill and petition for injunction was served upon Alexander Murchie, United States District Attorney for the District of New Hampshire, but the other defendants mentioned not being found within this district, no further service was made.

On February 20, 1935, a petition was filed in the name of the United States of America for the condemnation of certain parcels of land in the town of Peterborough, county of Hillsborough, state of New Hampshire, to be taken for the purposes of a site for a post office. Said petition recited that it is "filed by virtue of:

"An Act To provide for the construction of certain buildings, and for other purposes," approved May 25, 1926, c. 380 (44 Stat. 630 [40 USCA § 341 and note, §§ 342–347]).

"An Act To expedite the construction of public buildings and works outside of the District of Columbia by enabling possession and title of sites to be taken in advance of final judgment in proceedings for the acquisition thereof under the power of eminent domain," approved Feb. 26, 1931, c. 307 (46 Stat. 1421 [40 USCA §§ 258a to 258e]).

"Emergency Relief and Construction Act of 1932," approved July 21, 1932, c. 520 (47 Stat. 709) (Public No. 302—72d Congress).

"National Industrial Recovery Act," approved June 16, 1933. (Public No. 67—73d Congress) (73d Congress Sess. I., Chap. 90, 48 Stat. 195)."

The description of the land sought to be condemned and the plan attached to said petition cover land of the plaintiff Fish.

There was also filed on February 20, 1935, a declaration of taking setting forth that: "I, T. J. Coolidge, acting Secretary of the Treasury of the United States, under and by virtue of the provisions of the Act of Congress, hereinabove set forth, * * * hereby make and file this declaration of taking pursuant to said Act of Congress, and Acts amendatory thereof and supplementary thereto, and by virtue and authority thereof, do declare that the land described in the petition filed in this proceeding, and also shown on that certain plan of said land hereto attached and made a part of this declaration and the fee simple title thereto as aforesaid are hereby taken under the authority of said Act of Congress, and that the use for which the same is acquired is for the purposes prescribed in said Act. * * * and that the sum of money ascertained by the acquiring authority to be just compensation for the aforesaid land in this proceeding and hereby taken is $7,700."

The land to be condemned includes land other than the land owned by the plaintiff Fish.

On March 4, 1935, the plaintiff filed a petition setting forth the fact that Morgenthau, Farley, and Cummings were nonresidents of this district; that the land of your petitioner is situate within the district of New Hampshire and within the exclusive jurisdiction of this court, and that the above-named parties are acting through Alexander C. Murchie, United States District Attorney, upon whom service has been made, and praying that an order for substituted service upon Morgenthau and the others named be granted.

On March 11, 1935, United States District Attorney Alexander Murchie, filed a special appearance and moved to quash the service upon him, and that the petition for injunction and bill of discovery be dismissed. The grounds set forth are: Lack of jurisdiction; that the United States Attorney is acting merely as an attorney for the Attorney General of the United States; that he is in no sense a party to the condemnation proceedings nor is he an authorized agent upon whom process can be served; that the petition for injunction and discovery are in fact actions against the United States which cannot be brought without its consent; and that actions against the executive officers of the United States can only be brought and service made in Washington, the seat of the government.

On March 14, 1935, the matter came on for hearing upon the plaintiff's petition for substituted service and upon the District Attorney's motion to quash the service upon him and his motion to dismiss the petition. After oral arguments by counsel, briefs have been furnished the court.

### Rulings of Law.

■ The land which the government is seeking to take by condemnation proceedings is located within the state of New Hampshire, and is therefore within the jurisdiction of this court. Any proceedings for its condemnation must be brought in the United States District Court in the District of New Hampshire.

Such proceedings must be instituted by the United States District Attorney acting upon the opinion of the Secretary of the Treasury that it is necessary for the government to acquire the land sought to be condemned. It is the duty of the Attorney General of the United States, acting upon the request of the Secretary of the Treasury, to commence such condemnation proceedings through the United States District Attorney. Act Aug. 1, 1888, c. 728, § 1, 25 Stat. 357, 40 USCA § 257; Act of May 25, 1926, c. 380, 40 USCA §§ 341 and note, 342 to 347. The determination of the Secretary of the Treasury as to the precise land to be acquired is based upon public advertisements and examination by authorized agents who make a personal examination of the sites offered for sale and other locations and who are required to make a detailed report to the Secretary of the Treasury.

In so far as appears from the evidence, all the statutory requirements have been followed in the choice of a site for a post office in the village of Peterborough, N. H.

■ The plaintiff Fish objects to the taking. The main issue is the condemnation proceedings, and I am inclined to treat the petition for an injunction and bill for discovery as proceedings ancillary to the petition to condemn. Krippendorf v. Hyde, 110 U. S. 276, 4 S. Ct. 27, 28 L. Ed. 145; Higgins v. California Prune & Apricot Growers (C. C. A.) 282 F. 550.

■ The United States District Attorney, Alexander Murchie, in charge of the main proceedings as attorney of record, so far represents any necessary party living outside the jurisdiction of the court on whom personal service cannot be made, that service of all ancillary petitions or orders may be served upon him, in case the court authorizes such substituted service. Milwaukee & Minnesota R. Co. v. Milwaukee & St. Paul R. Co., 2 Wall. 609, 633, 17 L. Ed. 886; Higgins v. California Prune & Apricot Growers, supra; Gregory v. Pike (C. C. A.) 79 F. 520.

■ Substituted service will not be authorized by the court unless it appears from the records and files that outside parties are necessary and essential for the determination of the issues involved, and this leads me to an analysis of the petition for an injunction and bill of discovery.

■ The chief allegations in the petition for injunction and in the bill for discovery are that your petitioner is sixty years old, owner of the premises free from encumbrance; that he has conducted a plumbing and heating business thereon for over thirty years; has built up a reputation for good workmanship, and that it is the best location for his business; and that therefore he does not want to sell the premises.

In a further allegation, the bill states that the petitioner believes and therefore avers that deliberate acts of deception have been used and practiced by persons unknown to the petitioner to gratify selfish and personal ambition to locate the post office on the petitioner's land; and that in his opinion and judgment the land is unsuitable for the purpose.

There is nothing in the bill indicating upon whom the deception has been used or what effect, if any, it has had, or why, if disclosed, it would in any way modify the determination of the Secretary of the Treasury who must have acted upon the report that the government agent or employee sent to Peterborough for the purpose of examining the land and selecting a lot made.

There is no allegation that the administrative officers of the government are acting under an unconstitutional law or in an unconstitutional manner.

While the bill alleges that the plaintiff is acting in his own behalf and behalf of all citizens and inhabitants of the town of Peterborough, no committee of citizens or other individuals have intervened protesting against the location of the post office on the lot selected.

There being nothing in the bill indicating that the Secretary of the Treasury and other administrative officers have acted in any way excepting in good faith and in a legal manner, and any injunction that might be issued would operate only as a restraining order upon the government holding up the taking of the land for public purposes, there appears to the court no occasion to grant permission for substituted service upon Morgenthau, Farley, and Cummings.

■ The necessity and propriety of taking private property for public use, extent of taking, and procedure to be followed, are legislative questions subject only to constitutional requirements of just compensation. United States v. McIntosh (D. C.) 2 F. Supp. 244.

In cases of public necessity, the right of the individual must yield to the right and demand of the public.

I do not go so far as to hold that there may not be cases wherein administrative officers of the government seeking condemnation of private property may not be restrained by injunction. As, for instance, if they were acting under an unconstitutional act or in manner otherwise than in accordance with law, or were seeking to condemn property already devoted to public uses. See In re Certain Land in Lawrence (D. C.) 119 F. 453; United States v. City of Tiffin (C. C.) 190 F. 279; Scott v. Donald, 165 U. S. 58, 68, 17 S. Ct. 265, 41 L. Ed. 632.

■ The United States District Attorney takes the position that the petition for injunction and bill of discovery should be dismissed because, in effect, they are actions against the United States, and that the United States may not be sued in courts of this country without its consent. He has cited the following cases: Butterworth v. Hill, 114 U. S. 128, 5 S. Ct. 796, 29 L. Ed. 119; State of Minnesota v. Hitchcock, 185 U. S. 373, 385, 22 S. Ct. 650, 46 L. Ed. 954; State of Louisiana v. Garfield, 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92; State of Louisiana v. McAdoo, 234 U. S. 627, 34 S. Ct. 938, 58 L. Ed. 1506; and other cases holding the same.

I do not treat the plaintiff's petitions as independent actions against the government. The United States has come into this jurisdiction and brought its action to con-

demn certain lands belonging to the plaintiff alleging that the taking is necessary in the public interest. Such an action having been brought and the jurisdiction of the federal court invoked by the United States, the court must have power and jurisdiction to make such orders and decrees with reference to the action as justice requires.

A more potent reason for dismissing the action may be found in the questionable right of the plaintiff to review the action of the Secretary of the Treasury after he has made a determination of the necessity for taking, the suitability of the land, and its locus on the street. I find nothing in the plaintiff's petition which would warrant any such review even if permissible under the law. While a public officer may by law, and at the instance of one having a particular legal interest, be required to perform a mere ministerial act not requiring the exercise of judgment or discretion, he may not be so required in respect to matters committed to him by law, and requiring the exercise of judgment and discretion. The courts will not interfere with the ordinary functions of the executive department of the government.

The plaintiff's petitions for an injunction and bill of discovery are dismissed. He is entitled to fair compensation for the land taken to be determined if he so elects by a jury.

The order is: Petitions for injunction and bill of discovery dismissed.