UNITED STATES v. PARCEL OF LAND IN TOWN OF MIDDLETOWN, NEW CASTLE COUNTY, DEL., et al.

No. 3.

District Court, D. Delaware.

April 18, 1940.

Stewart Lynch, U. S. Atty., of Wilmington, Del., Norman M. Littell, Asst. Atty. Gen., and Russell Morton Brown, Atty., Department of Justice, of Washington, D. C., for petitioner.

Herbert L. Cohen, of Wilmington, Del., for Mayor and Council of Middletown.

NIELDS, District Judge.

Motion to strike answer and objections to petition for condemnation.

January 6, 1940, United States of America filed a petition for condemnation of a lot of land in Middletown, Delaware, for the site of a Post Office. The proceeding was instituted at the request of the Administrator, Federal Works Agency.

The petition for condemnation recites that by appropriate Acts of Congress and a Joint Resolution "the Administrator, Federal Works Agency, was authorized to acquire, when necessary, by purchase, condemnation, exchange or otherwise, sites and additional land for emergency construction of public building projects outside of the District of Columbia". The petition contained a description by metes and bounds of the land sought to be acquired and prayed that all parties having an interest therein be brought before the court. Thereupon the court issued a rule upon the parties named as defendants in this proceeding and upon all other parties interested to appear and show cause why the lot of land should not be condemned as prayed.

February 29, 1940, the Mayor and Council of Middletown (hereinafter referred to as Town of Middletown) filed an answer and objections to the petition for condemnation, alleging

"1. That the defendant, The Mayor and Council of Middletown, is a municipal corporation of the State of Delaware and conducts the local government in the Town of Middletown, Delaware.

"2. That one of the governmental functions carried out by defendant is the operation and maintenance of a sewage disposal system and sewage disposal plant in the Town of Middletown. Said disposal system is comprised of an intricate system of pipes which run throughout the Town and connect up with the various homes, residences, and other buildings in said Town.

"3. That on or about the first day of May, 1937, The Trustees of the Middletown Academy, a corporation of the State of Delaware and one of the defendants herein, did convey to defendant an easement to lay and maintain sewage and water pipes across the land of the said The Trustees of the Middletown Academy and with the right of access to the same, all as more fully appears in said conveyance of easement and which was duly recorded in the Office of the Recorder of Deeds in and for New Castle County. Said grant of an easement was given to defendant by the said The Trustees of the Middletown Academy in accordance with a plan of cooperation by many owners of land in said Town of Middletown whereby all of said owners conveyed easements of a similar nature to defendant in order to enable defendant to erect and maintain a sewage disposal system and plant for the health, benefit and welfare of said Town and the residents and inhabitants therein.

"4. That the sewer lines owned by defendant and which cross the property of

The Trustees of the Middletown Academy and the easement above described is an integral part of said sewage system.

"5. Defendant is informed and believes and therefore avers that Petitioner has no authority to condemn or take the land and property set forth in said petition and in particular the property and interest of defendant therein, because said property of defendant is now devoted to the public use as described hereinabove and there is no provision in the statutes or other provisions of law set forth in said petition, and under which Petitioner is assuming to act, which authorizes the taking of defendant's property.

"6. That in any event, the action of Petitioner and the Administrator, Federal Works Agency, who said petition alleges was authorized to acquire sites for the construction of public buildings and who has determined that the land described in said petition, which includes the property and interest of defendant herein, is necessary and advantageous to the Government to acquire as a site for the proposed Post Office, and who has requested that the present proceedings be instituted, was arbitrary and unnecessary in that the land and site selected was not the best, suitable or even desirable site for a Post Office in the Town of Middletown under the existing facts and circumstances, and there were other sites that were available.

"7. The land selected is on North Broad Street in the Town of Middletown. North Broad Street is a narrow street which runs North and South through the Town of Middletown and is part of the highway system of the State of Delaware, and the automobile traffic, including trucks, is very heavy on said street. Because of the narrowness of the street, a dangerous condition exists which has resulted in many accidents and deaths and injuries to many persons.

"8. The plans for the proposed Post Office provide for the erection of Post Office building, the front of said building to touch the West side of the pavement on North Broad Street; that is, there will be no set-back or other open space which could or will be used for a driveway up to the entrance of the Post Office building. There is inadequate parking space on the street as conditions now exist and no plans have been made in connection with the proposed Post Office to take care of the additional dangerous situation which will be brought about by the increase in traffic by vehicles and pedestrians at the site selected. Also there is not sufficient or proper access to the proposed Post Office building.

"9. Further, the site selected for the Post Office is located at the northern end of North Broad Street in the Town of Middletown and toward the Town limits. The growth of population of said Town is South on South Broad Street and toward the East. Not only is the site not centrally located in said Town but is away from the direction of the growth of population and development in said Town.

"10. The land and property set forth in the petition was owned by The Trustees of the Middletown Academy, a charitable corporation of the State of Delaware, incorporated under Chapter 320, 6 Laws of Delaware. Defendant is informed and believes and therefore avers that either a conveyance of that part of the property held by the said Trustees on North Broad Street or the condemnation thereof, would be in derogation of the rights, duties and responsibilities of the Trustees as established by the Act incorporating it, and harmful to the trust, and three of the seven Trustees who comprise the Board of the said The Trustees of the Middletown Academy have not consented to and oppose the transfer of any part of the property held by them as Trustees. The plans for the proposed Post Office provide for a building the back of which will be within a few feet of the front of the present Academy building which is set back some distance on the site selected, and the Post Office building will completely shut off the Academy building from North Broad Street. Except for a narrow passage-way along the South side of the Post Office building, there will be no other access to the Academy building. Also the lawn and memorial trees now in front of the Academy building will be destroyed in order to use the site for the Post Office Building.

"11. The site selected has been used in part as a playground for the children of the Town of Middletown.

"12. The Residents of the Town of Middletown are opposed to the proposed location for a Post Office in the said Town."

March 7, 1940, petitioner moved "to strike the answer and objections of the Mayor and Council of Middletown".

It appears from the briefs and arguments of counsel: That the Town of Middletown acquired the sewer easement crossing the land sought to be condemned without any cost to the town; that this easement was maintained for the accommodation of only one citizen; that Trustees of Middletown Academy has agreed to relocate the present sewer pipe 10 feet away from its present location without cost of any kind to the town; that petitioner has tendered to the town a perpetual license to maintain the sewer pipe under the lot in question; that Trustees of Middletown Academy has executed and delivered to the United States a deed for the lot of land in question, which has been duly entered on the records of the Recorder of Deeds for New Castle County.

■ United States seeks to establish a Post Office to expedite the handling and transmission of the mails and to bind the Town of Middletown into closer relation with the country at large. Since the Constitution and statutes of the United States are the supreme law of the land the paramount character of the federal use can not be questioned. The necessity for acquiring the land is a legislative matter and is not open to judicial scrutiny. Moreover, the selection of a particular lot of land is also a legislative matter and not reviewable in the courts.

■ The motion to strike defendant's answer is equivalent to a motion to dismiss. It admits the truth, for the purpose of the motion, of all facts well pleaded. It is not alleged in the answer that the administrative determination was made without investigation or without reference to the information which an investigation disclosed. It is not alleged that there was no evidence before the Administrator to support his conclusions. It is not alleged that his determination is unsupported by evidence or that it was made without investigation. In its answer defendant alleges that the lot selected was "not the best, suitable or even desirable site for a Post Office."

Defendant has requested a hearing to prove the arbitrary character of the seizure. Yet the motion admits for present purposes the truth of the facts alleged in the answer. No purpose would be served in proving the existence of facts already admitted.

■■ Defendant contends in its answer that the United States can not take property devoted to a public use without specific congressional authority. It appears from the cases that this rule is restricted to exercise of the power of eminent domain by a municipality or other donee of the sovereign. It has no application to the sovereign itself. No case can be found where this rule was applied to a State or to the United States.

This point was raised in a recent case involving the identical legislative authority upon which the United States relies in the case at bar. The United States sought to establish a Post Office on part of the Court House Square or Green in the ancient town of Denton in the State of Maryland. The County Court House stands in the middle of the Square. The Square itself is an attractive town centre or park ornamented with many large trees. Citizens residing in the neighborhood intervened and moved to dismiss the condemnation proceeding. They were supported by the State judges of the circuit.

The United States District Court for Maryland found and held:

"But it is said that because this particular property is now devoted to a prior public use, general legislation authorizing the construction of post offices, together with a particular appropriation for this post office, and the authority delegated by Congress to the Secretary of the Treasury[1] to make selection of sites, is not sufficient in the absence of a specific Act of Congress authorizing the taking of the particular property. * * *

"In my opinion the rule relied on by the intervenors is not applicable to this case. We are not here dealing with a question of interpretation of the powers of two separate corporations under the laws of a particular State, but with the sovereign and paramount authority of the federal government to acquire property necessary or suitable for a post office, which is clearly within the express grant of power given by the Federal Constitution. There is no question of interpretation of a statute necessary because Congress has very clearly delegated to the Secretary of the Treasury the power to select the sites for post offices within the several States. The only open question therefore is whether in exercising this power the Secretary has acted

---

[1] Now delegated to the Administrator, Federal Works Agency.

arbitrarily or capriciously. If he has done so, there is ample judicial authority to the effect that the courts may intervene to restrain the exercise of the power. In C. M. Patten & Co. v. United States, supra, it was said (61 F.2d [970], 972). * * *

"On the other hand if it is not affirmatively shown that the Secretary has acted arbitrarily in selecting this site, then his decision is conclusive and not subject to judicial review. Chappell v. United States, 160 U.S. 499, 510, 16 S.Ct. 397, 40 L.Ed. 510; Potomac El. P. Co. v. United States, 66 App.D.C. 77, 85 F.2d 243, 246, certiorari denied 299 U.S. 565, 57 S.Ct. 27, 81 L.Ed. 416; Bragg v. Weaver, 251 U.S. 57, 58, 40 S.Ct. 62, 64 L.Ed. 135; Fish v. Morgenthau, D.C., 10 F.Supp. 613, 616." United States v. Certain Parcels of Land, D.C., 30 F.Supp. 372, 377.

In this case the record reveals nothing arbitrary or capricious in the condemnation of the lot of land in Middletown for the site of a Post Office.

Motion to strike must be granted.