**UNITED STATES v. 72 ACRES OF LAND, MORE OR LESS, SITUATE IN CITY OF OAKLAND, ALAMEDA COUNTY, CAL., et al.**

No. 21758-S.

District Court, N. D. California, S. D.
March 6, 1941.

M. Mitchell Bourquin, Sp. Asst. to Atty. Gen., for plaintiff.

Charles A. Beardsley, Port Atty., and W. Reginald Jones, Asst. Port Atty., both of Oakland, Cal., for defendant City of Oakland.

ST. SURE, District Judge.

This is a proceeding by the United States to acquire by condemnation 72 acres of land on the Oakland waterfront for the military purposes of the United States as these are described in "An act to authorize condemnation proceedings of lands for military purposes", 40 Stat. 241, 50 U.S.C.A. § 171, and referred to in Public No. 781, 76th Congress, appropriating money therefor. The Secretary of War has filed in the name of the United States a declaration of taking, conforming to the re-

quirements of 40 U.S.C.A. § 258a, and has deposited in the registry of the Court the sum of $2,168,000, being the estimated amount of just compensation for the property. Upon the filing of the declaration of taking and the making of the deposit the Court entered a judgment finding that the requirements of 40 U.S.C.A. § 258a had been complied with and decreeing that in accordance with the terms and provisions of the statute title had vested in the United States, that the lands are deemed to have been condemned and taken for the use of the United States, and that the right to just compensation is vested in the persons entitled thereto to be ascertained and awarded in this proceeding.

The City of Oakland, the purported owner of the land, has filed a motion to vacate the judgment entered upon the declaration of taking and a demurrer and motion for a more definite statement of the use and purpose for which the land is taken. The defendant objects that the judgment on the declaration of taking deprives it of its right to a hearing on (1) the question of whether the land is being taken for a public use; (2) the question of the necessity for the taking, and (3) the question of whether there exists statutory authority for the acquisition. No affidavits or supporting papers accompany the motion and no attack is made upon the integrity of the declaration of taking. In fact, the motion in its terms is based upon the declaration of taking.

The contention is made that if construed to authorize the entry of a judgment without notice or hearing the declaration of taking act, 40 U.S.C.A. § 258a, is unconstitutional in that it authorizes deprivation of property without due process of law. But due process does not require that in a condemnation proceeding notice be given to the owner in advance of the taking. Bragg v. Weaver, 251 U.S. 57, 40 S.Ct. 62, 64 L.Ed. 135. Due process requires no more than that the owner be given an opportunity to be heard at some stage of the proceedings upon reasonable notice of the pending suit. See North Laramie Land Co. v. Hoffman, 268 U.S. 276, 283, 285, 45 S.Ct. 491, 69 L.Ed. 953; Dohany v. Rogers, 281 U.S. 362, 369, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; also in California, Marblehead Land Co. v. Superior Court, 62 Cal.App. 408, 412, 217 P. 536; Peck v. Superior Court, 138 Cal. App. 222, 31 P.2d 1042. The declaration

of taking proclaims the necessity of the United States for the land for the military purposes described in the Acts of Congress referred to. The question upon the motion to vacate the judgment is of the force and effect of such a declaration. Nothing is better settled than the right of the Secretary of War in a proper case to determine the necessity of the acquisition (Bragg v. Weaver, supra; Barnidge v. United States, 8 Cir., 101 F.2d 295); to decide upon the amount of property to be taken or the extent of the taking (Hanson Lumber Co. v. United States, 261 U.S. 581, 585, 43 S.Ct. 442, 67 L.Ed. 809; United States v. Gettysburg Ry. Co., 160 U.S. 668, 685, 16 S.Ct. 427, 40 L.Ed. 576), and to select the particular tract of land to be taken (Chappell v. United States, 160 U.S. 499, 510, 16 S.Ct. 397, 40 L.Ed. 510; Kohl v. United States, 91 U.S. 367, 23 L. Ed. 449; Barnidge v. United States, supra) for any use or purpose authorized by Congress and embracing a legitimate function of government. In such a case the determination of the Secretary is conclusive and not subject to review (Barnidge v. United States, supra; Fish v. Morgenthau, D.C., 10 F.Supp. 613; United States v. Forbes, D.C., 259 F. 585) except for fraud or bad faith. United States v. Meyer, 7 Cir., 113 F.2d 387.

Where the proceeding is one by or in the name of the United States or a sovereign state as distinguished from a case wherein the privilege of eminent domain is invoked by a private corporation, political subdivision or other grantee or donee of the power, the determination of the legislative authority that the use or purpose is one for the discharge of a governmental function, i. e., a public use, will be respected unless it be "palpably without reasonable foundation" (United States v. Gettysburg Electric Ry. Co., supra, 160 U.S. at page 680, 16 S.Ct. at page 429, 40 L.Ed. 576) or "until it is shown to involve an impossibility." Old Dominion Land Co. v. United States, 269 U.S. 55, page 66, 46 S.Ct. 39, page 40, 70 L.Ed. 162. If the Federal Government, under the Constitution, has power to embark upon the project for which the land is sought, then the use is a public one. Confessedly, the purpose cannot be a private one. See Barnidge v. United States, supra, 101 F.2d at page 298. That a military purpose is a public use is not open to question. Gilmer v. Lime Point, 18 Cal. 229; United States v. Forbes, supra. In such a case

the declaration of the Secretary of War in the form prescribed by the Congress must be respected and the courts will not go behind the declaration to inquire into his intention. Old Dominion Co. v. United States, supra, 269 U.S. page 66, 46 S.Ct. 39, 70 L.Ed. 162; United States v. Forbes, supra, 259 F. pages 591, 592.

It will make no difference whether the property being taken is private or devoted to a public use, since the rule requiring specific legislative authority for the condemnation of property devoted to a public use is restricted to the exercise of the power by a municipality or other donee of the sovereign and has no application to the sovereign itself. United States v. Parcel of Land, D.C., 32 F.Supp. 718, at page 721; United States v. Jotham Bixby Co., D.C., 55 F.2d 317, at page 319. The authority conferred by the act in question, 50 U.S.C.A. § 171, will suffice for the institution of proceedings to condemn land anywhere needed for the military purposes therein described. United States v. Forbes, supra.

The complaint conforms to the requirements of the Code of Civil Procedure of California, Section 1244, and that is all that can be required. Central Pacific Ry. Co. v. Feldman, 152 Cal. 303, 92 P. 849. It is not necessary that the complaint state the particular manner in which the land is to be used, since this may be shown by the introduction in evidence of the plans and specifications of the plaintiff. 18 American Juris., Sec. 324, p. 969. In State as well as Federal practice the propriety of pleading the use and purpose in the terms of the statute under which the proceeding is taken has been upheld. See Northern Light, etc., Co. v. Stacher, 13 Cal.App. 404, 109 P. 896, and United States v. Eighty Acres of Land, etc., D.C., 26 F. Supp. 315.

From the complaint it appears that the lands condemned are part of a larger tract or tracts of land granted to the City of Oakland in successive grants by the State of California (St.1911, p. 1258; St.1917, p. 63; St.1937, p. 115 and p. 752), as more particularly shown in that certain map of Oakland Harbor compiled and published by the Board of Port Commissioners of the City of Oakland—1936. From this it appears that the lands in question are a fraction of the waterfront lands fronting on the Outer Harbor and lying to the north of the Middle and Inner Harbor of the

300

defendant. Whether the development of the military purposes of the United States in the limited area, subject of condemnation, will redound to the detriment or benefit of the greater port area and waterfront remaining is not before the Court but will doubtless be the subject of controversy and disagreement between the parties when the question of compensation is heard. Such controversy has no other place in this proceeding.

■ Assuming for purposes of argument that it is ultimately determined that the declaration of taking is affected with fraud or bad faith, it would follow that the declaration of taking will be a nullity, ineffective to vest title, and that the judgment thereon would also be a nullity. There has therefore been no prejudice to the substantial rights of the defendant by the entry of the judgment here under attack. The occasion and the authority for such judgment at this juncture is manifest. In operation the statute, 40 U.S.C. A. § 258a, may be compared to the removal act, 28 U.S.C.A. § 71, as to which it is held that no order is necessary to effect removal when the section has been complied with and the petition and bond are filed (Home Life Insurance Co. v. Dunn, 19 Wall. 214, 22 L.Ed. 68), but it is usual for the court from which the cause is removed to enter an order of removal upon determining that the petition and bond are sufficient (Merchants' National Bank v. Thompson, C.C., 4 F. 876) as a mode of manifesting its acceptance of the petition and bond. Miller v. Tobin, C.C., 18 F. 609.

■ The title which *vests* upon the filing of the declaration and the making of the deposit is lacking in practical effect until some muniment of title is provided. It is usual and common practice for the court to enter judgment on the declaration of taking and such judgments are not subject to attack as unauthorized or in excess of jurisdiction. United States v. Eighty Acres of Land, supra; Hessel v. Smith & Co., D.C., 15 F.Supp. 953. Compare United States v. Meyer, supra.

■ In California it is the rule that orders adjudging compliance with the authority for immediate possession and for such possession are authorized by implication though not expressly provided for, and the entry of such order ex parte is not in violation of the "due process" clause of the Federal Constitution, Amend. 14.

See Marblehead Land Co. v. Superior Court, supra, and Peck v. Superior Court, supra.

The motions to vacate judgment, and for a more definite statement will be denied, and the demurrer to the complaint will be overruled.