[Crim. No. 236. Second Appellate District.—January 19, 1912.]

## In the Matter of the Application of MILTON NORTHERN, for a Writ of Habeas Corpus.

CONTEMPT OUT OF VIEW OF COURT—REFUSAL TO PAY ALIMONY AND COUNSEL FEES ORDERED—FACTS SHOWING JURISDICTION REQUIRED.— The contempt for refusal to pay temporary alimony and counsel fees ordered by the court is one not committed in the immediate view and presence of the court, and the facts essential to show the jurisdiction of the court to proceed therewith must be embodied in an affidavit stating the facts constituting the contempt, presented to the court or judge, in the absence of any other showing provided for in section 1211 of the Code of Civil Procedure.

ID.—PROCEEDINGS IN CONTEMPT—JURISDICTION LIMITED—JURISDICTIONAL FACTS IN RECORD.—In proceedings in contempt, the jurisdiction of the superior court is limited, and jurisdictional facts must be made to appear in the judgment and order of commitment for contempt.

ID.—VOID COMMITMENT TO COUNTY JAIL—HABEAS CORPUS.—In the absence of any affidavit stating the facts showing the contempt, and there being nothing in the record to show the jurisdiction of the court to commit the defendant to the county jail for contempt, the order so made by the court was without jurisdiction, and he is entitled as petitioner to be discharged upon writ of habeas corpus.

APPLICATION for discharge upon writ of *habeas corpus*.

The facts are stated in the opinion of the court.

Lewis Cruickshank, for Petitioner.

D. E. Bowman, for Respondent.

THE COURT.—Petitioner is shown by the return to be held under a commitment specifying that a certain action came on regularly for hearing on an order to show cause *in re* contempt, and testimony having been heard on the part of both the plaintiff and the defendant, and it appearing to the satisfaction of the court that the defendant Northern had been guilty of contempt by reason of his refusal to obey the order of the court to pay temporary alimony and attorney's fees, which said order was made on October 16, 1911, and it further appearing to the court that said defendant Northern had ability to pay the same, it was, therefore, ordered, adjudged

and decreed that he be committed to the county jail until he should pay to the plaintiff Mildred Northern the sum of $40.

The contempt for a refusal to pay pursuant to an order is one not committed in the immediate view and presence of the court, and under section 1211 of the Code of Civil Procedure, an affidavit presented to the court or judge of the facts constituting the contempt, or a statement of the facts by the referees, arbitrators, or other judicial officers, is essential as giving the court jurisdiction to hear and determine the proceedings in contempt. Assuming that the case of *Northern* v. *Northern* was one in which a judgment for alimony could be rendered, which fact does not affirmatively appear, and that the court made an order requiring him to pay the sum of $40, which fact also does not affirmatively appear, and that said Northern had ability to pay the same, nevertheless the court was without jurisdiction to punish for contempt, in the absence of an affidavit as provided by the section of the code above cited. In proceedings in contempt the jurisdiction of the superior court is limited, and jurisdictional facts must be made to appear in the judgment and the order of commitment. Considering the record, then, as presented in this case, the order made by the court was without jurisdiction, and the petitioner is entitled to his discharge, and it is so ordered.