[L. A. No. 6097. Department One.—January 18, 1921.]

## VICTORIA MEYER, Respondent, v. CAMILLE MEYER, Appellant.

[1] DIVORCE — ADULTERY — COMPROMISE OF HUSBAND — ACT OF WIFE —FINDING — APPEAL.—In an action for divorce on the ground of the husband's adultery, where the court found against the defendant's contention that the plaintiff brought the defendant and alleged co-respondent together for the purpose of having the latter induce the defendant to commit adultery with her, and the evidence at most showed only facts from which a possible inference might be drawn in support of such contention, the finding is conclusive on appeal.

[2] ID.—ASSIGNMENT OF COMMUNITY PROPERTY—PAYMENT OF SUM OF MONEY—MORTGAGE UPON PROPERTY—POWER OF COURT.—Under section 146 of the Civil Code, authorizing the court in granting a divorce for adultery to assign the community property to the respective parties in such proportions as it may deem just, the court has power to award to the wife, where a divorce is granted for the husband's adultery, a sum of money and make its pay-

ment a charge on the community property by requiring the husband to give a mortgage for the amount.

[3] Id.—Award of Community Property to Wife—Lack of Abuse of Discretion.—An award of eighteen thousand dollars to the wife as her share of the community property valued at twenty-five thousand dollars upon the granting of a decree of divorce for the husband's adultery is not an abuse of discretion where she was also given the custody of the seven minor children of the marriage.

[4] Id.—Counsel Fees—Allowance to Wife—Continuance of Application to Trial—Past Services.—Where in an action for divorce the wife before trial made an application for an allowance for counsel fees and the matter was continued by consent until the trial, the application must be taken as continued on the basis of the court making an allowance as of the time of the making of the application.

APPEAL from a judgment of the Superior Court of Los Angeles County. L. H. Valentine, Judge. Affirmed.

The facts are stated in the opinion of the court.

Appel & Hatch, D. P. Hatch and Ansel Smith for Appellant.

Joseph Scott and A. G. Ritter for Respondent.

LAWLOR, J.—The plaintiff and defendant were wife and husband respectively. The plaintiff obtained an interlocutory decree of divorce on the ground of the defendant's adultery. As an incident of the divorce, the decree awarded the plaintiff eighteen thousand dollars as her share of the community property. The defendant appeals.

The defendant's first contention is that the evidence is not sufficient to sustain the finding of adultery. It is unnecessary to detail the evidence. Suffice it to say that its character was such as amply to sustain the finding. The defendant himself admitted conduct on his part of a very questionable character at best, and there was other evidence which, if believed, as it evidently was by the trial court, could hardly leave any doubt as to what took place.

[1] The defendant's second contention is that the plaintiff brought the defendant and alleged co-respondent together for the purpose of having the latter induce the defendant to

commit adultery with her. The court found to the contrary and the evidence at most showed only facts from which a possible inference might be drawn that the plaintiff planned to bring about the adultery. The evidence was not such as to require such inference to be drawn, and this being the situation, the determination of the trial court as to the effect of the evidence is final.

[2] The third point is concerned with the division of the community property. Section 146 of the Civil Code authorizes the court which grants a divorce for adultery to divide the community property between the parties in such proportions as it may deem just, even to the extent of assigning it all to the innocent party. In this case it appeared that there was community property in the state of Washington consisting of real estate of the value of twenty-five thousand dollars. This real estate was not divided in kind by the decree, nor was its sale and a division of the proceeds directed, but the defendant was directed to pay the plaintiff eighteen thousand dollars, and its payment was made a charge upon the property by requiring the defendant to give a mortgage upon it for that amount. The authority of the court so to charge a lien upon the property is questioned. The language of section 146 mentioned is that upon divorce the community property shall be "assigned" to the respective parties in such proportions as the court deems just. It is evident that under this language the court could have assigned to the plaintiff an interest in the community property to the extent of eighteen thousand dollars. This, in effect, is all that it did do by the decree in question. The point furthermore is settled contrary to defendant's contention by the authority of *Gaston* v. *Gaston,* 114 Cal. 542, [55 Am. St. Rep. 86, 46 Pac. 609]; *Mayberry* v. *Whittier,* 144 Cal. 322, [78 Pac. 16], cited in his behalf, was concerned with a very different state of facts and is not in point.

[3] It is also contended by the defendant that the assignment of eighteen thousand dollars to the plaintiff was excessive. The statute contemplates that in cases of adultery or extreme cruelty more than one-half of the community property shall be assigned to the innocent party, the exact amount even up to all of such property being left to the discretion of the court. We cannot interfere with the exercise of this discretion unless it has been abused, and we see

no reason for concluding that it was abused in this case. For one thing, the seven minor children of the marriage, the custody of whom was given to the plaintiff, would by themselves come pretty close to justifying an award of all the community property to the plaintiff if the court had seen fit to make it.

[4] The last contention of the defendant is that the decree is erroneous in allowing the plaintiff five hundred dollars for attorneys' fees, the point being that no allowance was necessary in order that the plaintiff might further prosecute her case, since the case had practically come to an end. The fee in fact was apparently allowed not for future legal services but for services already rendered. The answer to the point is that the allowance was made in response to an application made before trial and continued by consent until the trial. It is not questioned but that the making of an allowance would have been proper when the application was made. This being true, when the application is continued by consent, it is fairly to be taken that it is continued upon the basis of the court making an allowance, if any, as of the time of the making of the application. Furthermore, no objection whatever to the allowance was made in the trial court by the defendant. If he had objection, he should have made it.

Decree affirmed.

Shaw, J., and Olney, J., concurred.

Hearing in Bank denied.

All the Justices concurred.