[Civ. No. 4172. Second Appellate District, Division One.—July 24, 1923.]

## ELEANOR A. GOULD, Respondent, v. CHARLES T. GOULD, Appellant.

[1] DIVORCE — EXTREME CRUELTY—EVIDENCE—FINDINGS—APPEAL.—In an action for divorce, where there is evidence of a substantial character to sustain the findings of the trial court to the effect that the charges of cruelty set forth in plaintiff's complaint are true and that the charges of cruelty set forth in defendant's cross-complaint are untrue, the appellate court will not reverse the judgment merely because there is other evidence which, if true, would have sustained a different finding of the facts.

[2] ID. — ACTS UNKNOWN TO DEFENDANT — EVIDENCE.—In such an action, the defendant is not prejudiced by rulings of the trial court striking out testimony relating to incidents of alleged mistreatment of defendant's daughter by plaintiff, where such incidents, if they occurred, were not known to defendant until five or six years after they occurred.

[3] ID. — DIVISION OF COMMUNITY PROPERTY—DISCRETION.—The trial court, having found from sufficient evidence that defendant was guilty of extreme cruelty toward plaintiff, acted within its discretion in awarding her seventy per cent of the community property.

APPEAL from an interlocutory decree of divorce granted by the Superior Court of Los Angeles County. John W. Summerfield, Judge. Affirmed.

The facts are stated in the opinion of the court.

Emmet H. Wilson for Appellant.

James P. Clark for Respondent.

CONREY, P. J.—Appeal by defendant from an interlocutory decree entered in favor of the plaintiff. In her complaint plaintiff set out a cause of action for divorce on account of extreme cruelty of defendant toward her, and also as a separate cause of action made certain charges of adul-

---

1. Habits or course of conduct of spouse as cruelty warranting divorce, note, Ann. Cas. 1918B, 480, 500.

tery, which she alleged had been committed by the defendant. The defendant, in addition to his answer denying the various charges made against him in the complaint, filed a cross-complaint, whereby he demanded a divorce from the plaintiff on account of sundry acts of extreme cruelty of plaintiff toward him. By her answer the plaintiff denied the charges made against her in the cross-complaint.

[1] Under his specification of insufficiency of the evidence to sustain the findings of fact, appellant has covered the principal findings relating to the charges of extreme cruelty set forth in plaintiff's complaint, and also those relating to the charges of adultery. Counsel for appellant concedes that the plaintiff gave testimony in support of substantially all of her allegations of extreme cruelty, and that the plaintiff's son (fifteen years old) testified in support of some of those allegations. We have examined this evidence. The corroboration given by the testimony of the plaintiff's son includes many facts which tend to establish the charge that defendant was guilty of extreme cruelty, as that offense is defined by law. There is other corroborative testimony besides that of those two witnesses.

It is not necessary to discuss appellant's claim that there is no evidence whatever to sustain the charges of adultery. All of the relief granted by the decree has a sufficient foundation in the facts authorizing a divorce on the ground of extreme cruelty.

Appellant next contends that the evidence is insufficient to sustain the findings which (omitting the details) determine that the charges of extreme cruelty of the plaintiff toward the defendant, alleged in the cross-complaint, are untrue. Cross-complainant did give testimony which, if uncontradicted and duly corroborated, would sustain the allegations of the cross-complaint. Certain corroborative testimony was given by a daughter of cross-complainant and by some other witnesses. On the other hand, the accusations made by cross-complainant against his wife were denied by her and were opposed by other evidence. There was also very positive testimony given by a former employer of appellant impeaching the reputation of appellant for integrity and veracity. The case is thus brought completely within the common rule that where findings are supported by evidence of a substantial character this court will not reverse the

judgment merely because there is other evidence which, if true, would have sustained a different finding of the facts.

[2] Appellant contends that the court erred in striking out parts of the testimony of three witnesses "bearing upon the character of the plaintiff and upon her attitude toward the defendant and his daughter." Principally, these rulings related to incidents of alleged mistreatment of this daughter by the plaintiff, which, if they occurred, were not known to cross-complainant until five or six years after they occurred. We cannot see that any prejudicial error occurred in striking out that evidence.

[3] The court, in the interlocutory decree, made a statement of the character and value of the community property of the parties, and awarded to the plaintiff seventy per cent thereof. Appellant claims that the court was not justified in awarding that proportion of the community property to the plaintiff. Where a divorce is granted on the ground of adultery or extreme cruelty it is provided by section 146 of the Civil Code that "the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just." We are satisfied that the division of the community property, as provided in said decree, was made in the exercise of a reasonable discretion by the court. (*Pereira* v. *Pereira,* 156 Cal. 7 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]; *Meyer* v. *Meyer,* 184 Cal. 687 [195 Pac. 387].)

Finally, appellant contends that the evidence does not sustain the findings of the court as to the community property in this, that the court erred in determining that three houses which, after the marriage of plaintiff and defendant, were built upon a lot belonging to the defendant, and which are together worth the sum of four thousand dollars, are community property. In this instance, as in others to which we have referred, appellant makes the mistake of insisting that findings are not sustained by the evidence, whereas the record contains evidence abundantly supporting the findings, although there is also abundant evidence which, if the court had believed it, would have sustained a contrary finding. Thus we have here testimony of appellant that he paid for these houses with money which he had at the time of his marriage and which he had kept in a safe deposit box. On

cross-examination he said that he paid for them partly by cash and partly by check; that he had several banks where he kept money. He did not remember which bank he put that money in. On the other hand, plaintiff testified that the money paid for the construction of these houses was earned between the time of the marriage and the time of the construction of the houses. "I don't know exactly what the defendant was making; he spoke of banking not less than one hundred dollars a month,—sometimes more." The defendant was a baker. The plaintiff not only kept house, but assisted in earning money. She kept a large number of rabbits and chickens, from which she made some money. The plaintiff further testified that the defendant at the time of their marriage told her that he did not have considerable money on hand, and that they limited the extent of their wedding trip because "he said he didn't have money enough ahead." At the time the houses were constructed plaintiff and appellant were living next door to the lot upon which they were built. We think that the court was well warranted in believing that these houses were paid for with funds earned after the marriage rather than out of secreted funds kept by the defendant as testified by him.

The decree is affirmed.

Houser, J., and Curtis, J., concurred.