[Civ. No. 4698.   Second Appellate District, Division Two.—March 26, 1924.]

## CARLTON A. NORTHCUTT, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] PARENT AND CHILD—CUSTODY OF MINOR—PRIOR DECREE—SECTION 199, CIVIL CODE, INAPPLICABLE.—Section 199 of the Civil Code can have no application to a proceeding to obtain the custody of minor children of plaintiff and defendant, where there has not only been a prior application for divorce in another state, but a divorce has been granted therein by a decree which deals fully with the question of the care and custody of their children.

[2] ID.—CODE SECTION APPLICABLE—FAILURE TO SERVE POINTS AND AUTHORITIES—DISSOLUTION OF RESTRAINING ORDER.—Where a final decree of divorce has been granted in another state, by the terms of which the custody of minor children was granted to the father, in a subsequent proceeding in this state by the mother, while she has the actual custody of said children, wherein she seeks relief by injunction to prevent the father from interfering with her care, custody, and control of said children, from removing them from her custody, and from taking them out of the state,

---

2.  See 9 Cal. Jur. 799; 9 R. C. L. 477.

the provisions of section 527 of the Code of Civil Procedure are applicable; and where a temporary restraining order is issued therein, but the plaintiff fails to serve upon defendant the points and authorities in support of her application, as required by said section, the temporary restraining order must be dissolved.

[3] ID.—ERRONEOUS ORDER—APPEAL—PROHIBITION.—Although the defendant in such a proceeding would have a right of appeal from an erroneous order of the trial court continuing the temporary restraining order in force, such right of appeal does not bar his right to a writ of prohibition to prevent the enforcement of said restraining order, as the right of appeal does not afford an adequate remedy.

(1) 19 C. J., p. 366, sec. 831.   (2) 32 C. J., p. 29, sec. 10 (1926 Anno.).   (3) 32 Cyc., p. 614.

PROCEEDING in Prohibition to prevent the Superior Court of Los Angeles County from enforcing a restraining order.   John W. Summerfield, Judge.   Peremptory writ issued.

The facts are stated in the opinion of the court.

G. P. Adams and W. W. Orme for Petitioner.

Leo V. Youngworth, Harry J. McClean, John L. Richardson and T. E. Parke for Respondents.

WORKS, J.—These are the facts shown, among others, by the petition for a writ of prohibition in this proceeding: One Myrna P. Sprague filed in respondent court her complaint against petitioner, which complaint was later superseded by an amended complaint, filed November 3, 1923. The latter pleading alleges in part that the plaintiff in the action, to whom we shall hereafter refer as the plaintiff, and the petitioner in this proceeding, whom we shall hereafter designate as petitioner, were wife and husband for a number of years prior to August 8, 1919; that during the subsistence of the marriage relation between the plaintiff and petitioner there were born to them two girls and a boy, the girls being, at the time of the filing of the pleading, of the ages, respectively, of eleven and eight, and the boy then being of the age of five; that on August 8, 1919, a court in a certain county in Wisconsin, in which county the plaintiff and petitioner then resided, rendered its decree of divorce

in an action in which petitioner was plaintiff and the plaintiff was defendant; that by the decree the care and custody of the daughters resulting from the marriage was awarded to petitioner and the care and custody of the boy was awarded to the plaintiff; that, except as later alleged in the pleading, the care and custody of the children has remained as by the decree ordered; that all three of the children were, at the date of the filing of the pleading, in the care and custody of the plaintiff, that then and ever since October 1, 1920, the plaintiff resided and has resided in Los Angeles. County, California, and that all three of the children were, at the date of the filing of the pleading, residing with her at her place of residence therein; that since the granting of the decree of divorce conditions affecting the custody and control of the children have been changed and altered, particularly in certain respects which are set forth; and that the plaintiff is a fit and proper person to have the care and custody of the girls, is the person naturally entitled to their care and custody and is desirous of caring for them, supplying them with the necessities of life, with a good home and motherly care, and with proper education and maintenance. The amended complaint prays that the temporary custody, and, finally, the permanent custody of the two girls be awarded to the plaintiff. Upon the filing of the amended complaint respondent court made its *ex parte* order requiring petitioner to show cause why the custody of the girls should not be awarded to the plaintiff during the pendency of the action, and restraining him, pending the hearing under the order to show cause, from interfering with the plaintiff's care, custody, or control of the girls, from removing them from her custody, and from taking them out of the state. Petitioner, who is now a resident of Colorado, filed in the superior court an answer to the amended complaint of the plaintiff in which, in addition to many denials of allegations of the latter pleading, it is averred, in part, that the boy mentioned above is not the child of petitioner; that petitioner, who is a graduate of the United States Naval Academy, was absent from home in the service of his country during the late World War; that during that absence the plaintiff became infatuated with one Gowling and that said Gowling was convicted in the Federal court of a violation of the Mann Act (U. S. Comp.

Stats., secs. 8812–8819), so called, for transporting the plaintiff from Nevada to California for immoral purposes; that the conviction was affirmed on appeal by an opinion reported in *Gowling* v. *United States*, 269 Fed., at page 215; that by the divorce decree rendered by the Wisconsin court it was ordered that the two girls, from July 1st to August 31st of each year, might be left with their maternal grandmother if the latter so desired, during which time the plaintiff ''shall be at liberty to there visit and associate with them''; that the plaintiff's present custody of the girls resulted from a violation of the terms of the divorce decree; and that the finding of the Wisconsin court upon which the award of the custody of the girls to petitioner was made was ''that the interests of said children demand that their care and custody be given to'' petitioner. When the cause came on for hearing under the order to show cause above mentioned petitioner objected to the hearing upon various grounds, one of which will be mentioned below, and the objection was overruled.

At this juncture in the litigation the petition in the present matter was filed in this court, asking that a writ of prohibition issue to halt further proceedings in the action in the superior court. An alternative writ issued and upon the return day the respondents interposed a general demurrer to the petition. An answer was also filed, but, except for certain express admissions, it presents nothing but legal conclusions and it is conceded by respondents that the only question before us is as to the sufficiency of the petition for the writ of prohibition.

It is provided by section 527 of the Code of Civil Procedure, relating to the granting of injunctions, that ''When the matter first comes up for hearing the party who obtained the temporary restraining order . . . must have served upon the opposite party at least two days prior to such hearing, . . . a copy of his points and authorities in support of such application; . . . if he shall fail to serve a copy of . . . his points and authorities, as herein required, the court shall dissolve the temporary restraining order.'' The petition alleges facts showing that in several respects the plaintiff failed to comply with provisions of section 527 which are not included in the foregoing quotation. It is enough for our present purpose, however, to state that it is also averred that the plaintiff never at any

time served upon petitioner any copy of any points or authorities in support of her application for the restraining order which the court made. Respondents contend that section 527 can have no bearing upon the present controversy for the reason that the action commenced by the plaintiff was instituted pursuant to the provisions of section 199 of the Civil Code. [1] That section reads, in part, "Without application for a divorce, the husband or the wife may bring an action for the exclusive control of the children of the marriage," and provides, in addition, that the court may, during the pendency of such an action, make such orders concerning the custody and care of the children involved in it as may be just. If we concede for the purpose of respondents' argument, which we do not decide, that section 527 of the Code of Civil Procedure can have no application to actions brought under section 199 of the Civil Code, we must hasten to assert that the action now under consideration was not commenced pursuant to the terms of that enactment. In the case of petitioner and the plaintiff there has not only been an application for divorce, but a divorce has been granted by a decree which deals fully with the question of the care and custody of their children. Not only so, but petitioner and the plaintiff are not husband and wife. For these reasons section 199 can have no application here. The plaintiff's amended complaint shows, so far as its support for an application for an injunction is concerned, merely a resort to the general jurisdiction of courts of equity to administer that form of relief.

[2] Turning from the claim that section 527 of the Code of Civil Procedure has no application to the action between petitioner and the plaintiff because of the terms of section 199 of the Civil Code, respondents also contend that the former section cannot avail petitioner because of the jealous regard, under the law, with which courts look to the welfare of infants. It is said that, in the present instance, the court will not allow the interference of section 527, because the welfare of the two girls is so transcendently important that any order made with regard to that welfare cannot be affected by a failure of the plaintiff to observe the provisions of the section. Viewed from the standpoint of its appeal to the heart, as well as of its importance to society,

the question of the welfare and happiness of children cannot be measured in the same scale with mere questions affecting the disposition of property; and yet the administration of justice in each of these classes of cases must be governed by rules of procedure tending to aid the courts in a performance of their work with a minimum of friction and with a maximum of speed. In many cases affecting property, in which a crying need for injunctive relief was present, restraining orders have been vacated because of a failure to comply with the terms of section 527. Immense loss has thus been occasioned in many instances. Whatever the difference between such cases and cases like this upon social and humanitarian considerations, is there such a difference as to render one class of cases immune from procedural mandates like those found in section 527, while the other is governed by them? Where would be the end of arguments advanced to support the affirmative of such a proposition? What other rules of procedure must fall in the conduct of causes affecting the disposition of the custody of children? For example, are we to determine the welfare of infants under complaints which, for some minor or major reason, fail to state a cause of action? The legislature has seen fit to make the provisions of section 527 general in their nature. We can see no reason why those provisions are not calculated to aid the administration of justice in the greater number of cases, as well in those in which the welfare of children is involved as in those in which property rights are at stake. Furthermore, we can perceive nothing annexed to our "inherent" right and duty to guard the welfare of children which empowers us to write an exception into the general terms of section 527. Whether such an exception shall be written is for the legislature, granting that such a provision would not infringe the constitutional inhibition against special legislation. For us to write it would be a work of judicial law making.

We are of the opinion that section 527 does apply here, that the restraining order issued by respondent court was void, and that it should have been dissolved by the court. Among the objections urged by petitioner against the hearing by respondent court under the order to show cause was the one that section 527 had not been complied with.

**[3]** It is contended by respondents that prohibition will not lie to prevent the enforcement of the restraining order for the reason that an appeal may be taken therefrom. A mere right of appeal, however, does not bar the right to prohibition. The right of appeal in a given case must also afford an adequate remedy (*Havemeyer* v. *Superior Court,* 84 Cal. 327, 397 [18 Am. St. Rep. 192, 10 L. R. A. 627, 24 Pac. 121]; *Elliott* v. *Superior Court,* 168 Cal. 727 [145 Pac. 101]; *Koerber* v. *Superior Court,* 57 Cal. App. 31 [206 Pac. 496]). It is futile to assert that the right of appeal from the restraining order in the present instance would afford such a remedy. If the charges made against the plaintiff in the answer of petitioner are true—and a reading of the opinion reported in *Gowling* v. *United States,* 269 Fed., at page 215, is most illuminating on this question— grave consequences might possibly result from the retention of the girls in her custody pending the appeal. Moreover, and even if the probable feeling between the plaintiff and petitioner should not prompt her to poison the minds of the two minors against him, their presence with her for the length of time necessary to dispose of the appeal might well alienate, or at least dull, their affection for him. We can see the possibility of great damage, not only to the rights of petitioner as a parent, but to the welfare of the girls, if they should be allowed to remain with the plaintiff for so long a time. The inadequacy of the right of appeal from the restraining order is to us apparent.

It is evident that a peremptory writ of prohibition must issue against the enforcement of the restraining order. As to the application for the issuance of the writ as against further proceedings in the action as a whole the situation is quite different. We are informed by counsel that the daughters of petitioner and the plaintiff have been released from the custody of the latter under a writ of *habeas corpus* issuing out of the superior court and that they are now in the care and custody of petitioner. Under the circumstances surrounding this communication we must and do regard it as a stipulation to be considered in making disposition of the present proceeding. The fact that the girls are now in the custody of petitioner, coupled with the fact that our writ of prohibition will issue in the matter of the restraining order, removes all necessity for the issuance of the writ against the action

as a whole. In truth, these circumstances make it improper for us so to issue the writ. The two minors being now in the custody of petitioner, and the operation of the injunction against their removal to Colorado, in which state they have heretofore resided, being now removed, all objection to the adequacy of the right of appeal from any judgment rendered against petitioner upon a trial of the action necessarily disappears.

Demurrer overruled. A peremptory writ of prohibition will issue restraining respondents from making any order for the enforcement of the restraining order made and entered on or about November 3, 1923, or from making any order with reference thereto except to dissolve the same.

Finlayson, P. J., and Craig, J., concurred.