[Civ. No. 6675. Second Appellate District, Division One.—October 29, 1929.]

PATENTS PROCESS INC. (a Corporation), Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Milton M. Cohen and R. D. Knickerbocker for Petitioner.

William R. Millar for Respondents.

CONREY, P. J.—This case now comes before the court upon hearing granted after the court had entered an order denying the application for the writ. On both hearings the cause was heard upon notice, and upon demurrer to the petition, and upon the petition and the answer of respondents. The opinion which accompanied said former order reads as follows:

"There is pending in the Superior Court an action, number 273–391, of Mildred Williams, plaintiff, v. Frank D. Williams, Patents Process Inc., a corporation, and others, defendants. In that action the plaintiff set forth facts showing her right to an interest in described property owned by the plaintiff and by the defendant Williams, as community property, particularly as shown by the terms of an interlocutory decree of divorce granted to Mrs. Williams against her said husband. The complaint in action 273–391, after a statement of facts concerning said interlocutory decree of divorce, proceeds to state another series of facts which tend to show that defendant Frank D. Williams has been and is endeavoring to prevent the plaintiff from receiving her share of the community property awarded to her in the divorce action; that sundry other persons have been induced to confederate and conspire with Williams to accomplish his stated purpose; that in order to more effectually carry out said plan and purpose, the defendant Patents Process Inc. was created and organized; that sundry properties held by defendant Williams, and belonging wholly or in part to the plaintiff, were by said Williams caused to be transferred and placed in the name of said corporation; that practically all of the shares of capital stock of said corporation belong to defendant Williams, and those shares

which have been issued to names of other persons, are in reality his property; that defendant Williams is general manager and is in actual control of said corporation and of said properties conveyed by him pursuant to said alleged purpose, plan and conspiracy. The foregoing indicates the foundation and the nature of the action, but we do not attempt to make a complete statement of the complaint, or of the proceedings therein. Upon the filing of said complaint and upon application made to a judge of respondent court, an order was made whereby a receiver was appointed of the property of the defendant corporation, Patents Process Inc. The defendant duly presented a motion to vacate the order appointing the receiver, which motion was denied by an order of May 13, 1929. On the same day the court ordered that defendant Williams deliver to the receiver said described property of Patents Process Inc., together with all other property of said corporation. The notice of motion to vacate did not state the grounds on which the motion would be made; but the affidavits filed therewith indicate a complaint against the qualifications of the appointee, rather than any challenge of the power of the court to appoint a receiver. In the present proceeding application is made for a writ of prohibition to restrain the respondent court and the judges thereof, from taking further proceedings in connection with the appointment or continuance in office of a receiver for the business of petitioner, and that the appointed receiver be restrained from acting as such receiver, notwithstanding said order of appointment.

"In applying for the writ, petitioner relies upon a series of decisions which deny that there is any jurisdiction vested in a court of equity to appoint a receiver of the property of a corporation in a suit prosecuted by a private party, or in any case not directly authorized by the provisions of section 564 of the Code of Civil Procedure. Among these decisions are the *French Bank Case,* 53 Cal. 495, 550; *Neall* v. *Hill,* 16 Cal. 145 [76 Am. Dec. 508]; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604, 614 [238 Pac. 926]; *Dabney Oil Co.* v. *Providence Oil Co.,* 22 Cal. App. 233, 237 [133 Pac. 1155].

"We are satisfied that the case stated in the complaint in the action in respondent court brings that action within a well recognized exception to the general rule referred to in

the preceding paragraph, and that respondent court had jurisdiction to appoint the receiver. Section 140 of the Civil Code (in the chapter relating to actions of divorce) reads as follows: 'The court may require the husband or wife, as the case may be, to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the·same by the appointment of a receiver, or by any other remedy applicable to the case.' The allegations of the complaint, duly verified, are sufficient to show that the corporation, Patents Process Inc., is but the *alter ego* of defendant Frank D. Williams; and that the plaintiff Mrs. Williams, although not a stockholder of the corporation, is an owner of at least a half interest in the property held by said corporation. It follows that the directors of the corporation owe to her, as such owner, a duty similar to that which is owed to the stockholder. Upon those alleged facts the directors are charged with the duty of administering a trust in which, so far as plaintiff's interest in the property is concerned, she is the primary beneficiary. That this trust is involuntary and unacknowledged only adds to the seriousness of the situation. Upon facts which as to the principles involved are the same, it was held that where such a trust existed, and was being violated, the court had authority to appoint a receiver. As the court there said: 'We cannot conceive a state of the law, under the enlightened principles which govern the exercise of the jurisdiction of courts of equity, which would deny the appointment of a receiver, under the allegations of the Charle complaint, merely upon the ground that the plaintiffs were not stockholders of the corporation.' (*Lieberman* v. *Superior Court*, 72 Cal. App. 18, at page 37 [236 Pac. 570, 577].) ''

▮ In the petition for rehearing it was pointed out that in *Mayberry* v. *Whittier*, 144·Cal. 322 [78 Pac. 16], it was decided that the provisions of section 140 of the Civil Code, relating to the giving of security for providing maintenance or making any payments required under provisions of the chapter in which the section is contained, cannot be extended ''so as to embrace the matter of the division of common property.'' That decision is clear and positive on the point involved. It follows that said section 140 may not be relied upon as furnishing authority for the appointment of a re-

cciver in the court below as shown in the present proceeding. Counsel for respondents suggests that the decision in *Mayberry* v. *Whittier, supra,* has been practically overruled by the decision in *Meyer* v. *Meyer,* 184 Cal. 687 [195 Pac. 387], but we are satisfied that in the latter case it was not intended to overrule said earlier decision.

It is conceded by petitioner that there are no decisions by our Supreme Court directly bearing upon the question as to whether or not a receiver can be appointed to take over the business of a corporation where there is an allegation to the effect that the corporation is the *alter ego* of an individual. It is claimed, however, that in the case of *Fischer* v. *Superior Court,* 110 Cal. 129 [42 Pac. 561], the point was in principle determined against the power to appoint such receiver. In that case it was held that a mere averment that the corporation was only a medium of the partnership and not an independent corporation was not sufficient to remove the case from the general rule against the appointment of receivers of actually existing and operating corporations. It was admitted that the corporation was duly organized, and for some years had been actually operating the business of the properties conveyed to it, which properties were the real subject of controversy.

In the case at bar there are additional elements tending to support the contention in favor of the power to appoint a receiver. In addition to the complaint, the court had before it several affidavits, which contain direct evidence of some of the principal facts which the plaintiff in her complaint had been obliged to allege only on information and belief, since they were not personally known to her. This removes from further consideration a large part of petitioner's argument based upon the fact that many of the allegations of the complaint were made upon information and belief. The facts thus shown in these affidavits, and which the court was entitled to consider in passing upon the question of its power to appoint the receiver, are facts tending to prove not only that the corporation, Patents Process Inc., is the *alter ego* of Williams and entirely owned by him, but, further, that said corporation was organized by said Williams and certain of his co-defendants acting in concert with him for the purpose of secreting assets which were the community property of said Frank D. Williams

and said Mildred E. Williams, and for the purpose of depriving said Mildred E. Williams of any interest in said property.

In *Elliott* v. *Superior Court*, 168 Cal. 727, 734 [145 Pac. 101, 105], the Supreme Court, after again affirming its adherence to the general rule against the power to appoint a receiver of the entire assets of a corporation in a suit prosecuted by a private party, said: "This opinion is not to be construed as an authority opposed to the appointment of a receiver of specific property of a corporation where such appointment would be proper under section 564 of the Code of Civil Procedure in certain actions between private parties. Our views must be taken as applying to an action of the kind now before the court *and not as applicable to all kinds of cases against corporations.*" The general rule to which we have referred is based in part upon those provisions of law which declare that the powers of a corporation must be exercised, managed and controlled by its board of directors, and that to take away that control from the board of directors at the suit of a private person, whether creditor or stockholder, is in effect to bring about a dissolution of the corporation in a manner not authorized by law. But if a case is presented wherein it appears that the corporation, in the very creation thereof, is nothing but a fraudulent mask fabricated for the purpose of depriving the plaintiff of his rights, and there is no remedy at law adequate to meet the situation, we believe that the powers of equity are broad enough to authorize the appointment of a receiver, not for the purpose of dissolving a genuine corporation, but for the purpose of reaching the man hidden behind the mask and compelling him to do equity. Of course, we cannot now know what the ultimate finding of facts will be when the case has been tried on its merits. In deciding upon the appointment of a receiver the Superior Court is dealing with the *prima facie* case made by the pleadings and affidavits upon which it acts in making its order. (*Marblehead Land Co.* v. *Superior Court*, 62 Cal. App. 408, 410 [217 Pac. 536].) The case so made was, in our opinion, sufficient to sustain the jurisdiction of the court which it exercised in appointing the receiver in this case.

The application for writ of prohibition is denied.

Houser, J., and York, J., concurred.