[Crim. No. 2443.   Second Appellate District, Division One.—December 8, 1933.]

In the Matter of the Application of CATHERINE M. CARROLL for Writ of Habeas Corpus.

C. C. Caswell for Petitioner.

Raymond A. Carroll and Sherman & Sherman for Respondent.

THE COURT.—The petitioner, upon a hearing in the Superior Court of Los Angeles County, was adjudged guilty of contempt of court, and on August 30, 1933, was sentenced therefor to imprisonment for five twenty-four hour days in the county jail, and to pay a fine of $300, the alternative for payment of the fine being fixed by the court as further imprisonment in jail of twenty-four hours for each two dollars of the fine unpaid. The writ of *habeas corpus* is sought on the ground that no contempt was committed by petitioner in her failure to obey the orders of the court commanding her not to interfere with a sale of real property and the furniture and furnishings therein by a receiver previously appointed by the court, and further commanding her to co-operate with said receiver in effecting such a sale. It is contended by petitioner that the order appointing the receiver was void for want of jurisdiction, therefore, that no contempt could arise by her failure to work with an officer illegally appointed.

The original appointment was made during pendency of a separate maintenance action brought by petitioner against Raymond A. Carroll, upon motion of the latter, who had cross-complained for a divorce, the receiver being instructed to sell two parcels of real estate the title to which was placed in question by pleadings in the divorce action. The petitioner objected, but did not appeal from the order appointing the receiver, and when one of the parcels was sold the net proceeds were divided equally between the parties. Later the court by its interlocutory order granted a divorce to the husband, awarded no alimony or separate maintenance to petitioner, decreed that the remaining parcel of real property was held in trust by Ray A. Carroll, Ltd. (which corporation had been joined as a defendant), for the husband and wife as tenants in common, share and share alike; that the furniture and furnishings in said property were also owned by them as tenants in common in equal shares; that the real estate and furniture be sold by the receiver who was continued in office, the proceeds of the sale, after expenses paid and adjustment of certain claims against the property by each of the parties, to be divided in equal shares. The findings on which the judgment was based recited that: "Said real property is heavily encum-

bered, and if not disposed of the encumbrances upon the same will be foreclosed and the beneficial interest of the plaintiff and defendant Raymond A. Carroll in and to said real property will become lost and valueless and legal title to said real property will be lost by said corporation, Ray Carroll Co., Ltd., and by reason of the fact that the furniture and furnishings in said house cannot be equitably divided between the parties hereto, and by reason of the fact that plaintiff is entitled to a lien thereon, as set forth in the findings herein, and by reason of the fact that said furniture and furnishings can be sold and disposed of to better advantage if sold with said real property, it is necessary that said real property and furniture and furnishings be sold.''

On February 14, 1933, notice of appeal from the judgment in the separate maintenance action, except the portion thereof awarding jewelry to plaintiff, was filed by the plaintiff which appeal has not been perfected.

The question for us to decide is whether the court was authorized to continue in office, after entry of the interlocutory judgment, the receiver previously appointed and to instruct him to sell the property which, by the court's decree, was found to belong to the husband and wife as tenants in common. Attorneys for the husband have filed a brief in opposition to the writ, and while they admit ''that as a general rule the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses'' (*Allen* v. *Allen,* 159 Cal. 197, 201 [113 Pac. 160]), contend that under circumstances peculiar to this case, the authority for such appointment or continuance thereof with instructions to sell, is found in subdivision 7 of section 564 of the Code of Civil Procedure, providing that receivers may be appointed ''In all other cases where receivers have heretofore been appointed by the usages of courts of equity.'' Petitioner contends: First, that the court has no jurisdiction over the subject matter for the reason that the property in question, real estate and furniture, was not found to be community property and therefore could not be sold as community property sometimes may be sold under subdivision 3, section 146, of the Civil Code, where homestead rights are involved, or section 147 of the Civil Code, where community property is to be divided; second, that section 140 of

the Civil Code, authorizing appointment of a receiver to secure payment of alimony or separate maintenance cannot operate in this case for the reason primarily that the appointment was not requested, but on the contrary was resisted by the wife who had asked for separate maintenance; and finally, because the court by its judgment made no award for separate maintenance. The claim is in effect that in divorce and separate maintenance cases, these three sections cover the only situations where a receiver may be appointed or the property sold. It is true, nevertheless, as stated by opponents that in certain reported California divorce or separate maintenance cases, receivers were appointed and the appointments upheld, but in every case to which we have been cited, aside from those where the appointments were made under section 140 of the Civil Code to secure alimony or separate maintenance or the property was sold to divide the community holdings, there existed some purely equitable reason for such appointment, usually to protect the wife from the fraud of the husband. In such case, of course, the appointment is authorized by "the usages of equity", e. g., *Murray* v. *Murray,* 115 Cal. 266 [47 Pac. 37, 56 Am. St. Rep. 97, 37 L. R. A. 626]. (For the same principle, see *Patents Process, Inc.,* v. *Superior Court,* 101 Cal. App. 541 [282 Pac. 21].) No such reason for the appointment appeared in the present case. In *Takeba* v. *Superior Court,* 43 Cal. App. 469 [185 Pac. 406], not a divorce action, the appointment of a receiver was upheld as conforming to usages of equity, and opponents here feel that even though we are now concerned with a divorce action, still the doctrine of that case is broad enough to sustain orders made by the trial court in ·relation to this receivership. In the Takeba case at page 476 appears the following:

"Where the dispute in a litigation is as to the title to the property involved therein and it is made satisfactorily to appear that the property is of such a character or is in such a situation as that it is likely to be lost or destroyed or greatly deteriorated in value in the hands of the party in possession before the merits of the controversy can be adjudicated, and a satisfactory showing is made that the plaintiff has some interest in the property, or that the plaintiff's right thereto or to some portion thereof is reasonably certain, the court may, in the exercise of its discretion,

appoint a receiver to take custody of the property pending the litigation and the determination of the rights of the parties. This means, of course, that the court itself may take possession or custody of the property and hold or dispose of it, according to the nature of the property or the exigencies of the situation with respect to it may require."

Examination of the opinion discloses that the attack upon the appointment of the receiver and his power to take and sell the crop of peaches then ripening on the trees was made before there had been any determination of the question as to who owned the peaches, this question being involved in an unlawful detainer action arising out of a ranch lease. But in the instant case the court at the very time and by the same decree under which it continued the receiver in office and ordered the sale, determined all questions of title, holding that the property belonged to the husband and wife as tenants in common.

By this judgment we are brought face to face with the question as to whether a court determining the merits of a divorce action and the character of the property involved is authorized to order sold by its formal judgment the separate property of both spouses, no award of alimony or separate maintenance being made. Counsel have not cited, nor have we been able to find, a case where, in a divorce action, a receiver has been appointed, no fraud or inequitable situation appearing, merely because of the precarious conditions under which the property of the parties is held. It has been decided that an action for divorce is a case in equity (9 Cal. Jur. 775, and cases there cited), but it is our belief that, notwithstanding such characterization of the action, a receiver may be appointed in such a case only as provided by sections of the Civil Code relating to property distribution, or when required by principles of equity to undo fraud, to protect from oppression, or for a similar purpose; further, that when the court has decided that the property belongs to the parties as tenants in common, it is without power to order this property sold and the proceeds divided as in a suit for partition, this power being given to the court solely in relation to community property. (Sec. 147, Civ. Code.) ■ Since in our opinion this order for the sale of separate property was in excess of the jurisdiction of the court, it follows that the further order command-

ing petitioner not to interfere with, but to co-operate with the receiver in selling the property, was void. Since disobedience of a void order does not constitute contempt (*Andrews* v. *Superior Court*, 103 Cal. App. 360, 365 [284 Pac. 494] ; see, also, cases cited in 5 New Cal. Dig. 226 and 5 Cal. Jur. 918, 919), the order of the court imposing the penalty of fine and imprisonment is in itself void. (See 5 Cal. Jur. 957.) Therefore, let the petitioner be discharged.