[Civ. No. 17449.   Second Dist., Div. Three.   Dec. 2, 1949.]

PAULINE R. HARLAN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Cantillon & Glover for Petitioner.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Respondents.

SHINN, P. J.—Pauline Harlan seeks by this proceeding in prohibition relief from a conviction of contempt of court and a sentence of three days in the county jail. The order was made in an action for separate maintenance in which petitioner is plaintiff, and James J. Harlan is defendant. An alternative writ having been issued, respondent superior court demurred to the petition, and James J. Harlan filed an answer.

Upon her verified complaint and affidavit petitioner obtained an order requiring respondent James J. Harlan to show cause why he should not be required to pay support and suit money and be restrained from molesting or interfering with plaintiff or the minor child of the parties. The order to show cause was returnable on June 8, 1949. On June 7, 1949, Harlan filed an affidavit in which he said, ''it is desired that wife be restrained'' from drinking, using vile language, threatening husband, calling him names, disposing of community property and talking to acquaintances and business associates of defendant in a manner to interfere with his business. There was no showing by answer, cross-complaint or affidavit that the wife had committed, or threatened to commit, all or any of the acts with respect to which it was desired to place her under restraint. No order to show cause was issued and no notice was given the wife with respect to any application for an injunction. On June 8th, the court made an order which gave the exclusive use of one residence to plaintiff and the use of an automobile and another residence to defendant. Both parties were enjoined as follows: (1) From making derogatory remarks in front of the child; (2) from disposing of or encumbering community property; (3) from annoying, molesting or interfering in the business affairs of the other, and plaintiff was ordered to return all personal effects and business records to defendant.

On July 6th, in another department of the court, in response to an order to show cause, a minute order was made by Judge Eugene P. Fay that ''the court finds that plaintiff is in violation of the molestation and interference restraining order heretofore made. Plaintiff is adjudged in contempt of court and is sentenced to three days in the county jail . . . both parties are restrained from in any way molesting, annoying or

striking the other or making derogatory remarks concerning the other in the presence of the child.'' Execution of sentence was suspended on condition that petitioner obey the orders of the court.

On October 14th, the husband filed an affidavit accusing plaintiff of breaking into his residence, removing personal effects, making derogatory remarks in the presence of the child, kicking the defendant, taking his personal effects from his automobile and his duplicate automobile keys. An order was issued directing plaintiff to show cause why she should not be adjudged guilty of contempt and punished for disobeying the order made the *8th day of June*.

On October 27th, before yet another judge, evidence was taken and a minute order was made reading in part as follows: ''The court finds plaintiff in violation of order of *July 6, 1949,* and the sentence imposed by Judge Eugene P. Fay goes into effect and plaintiff is ordered to serve three days in the county jail forthwith.'' A stay of execution was granted, during which our alternative writ was issued. (After the hearing in this court there was presented and ordered filed a copy of a minute order of the trial judge, filed November 17, 1949, correcting the foregoing order *nunc pro tunc* to show that plaintiff was found in violation of the order of June 8, 1949, for which she had been cited. The November 17th order differs in other respects from the previous order and from the decision of the court announced at the conclusion of the hearing, as shown by a partial reporter's transcript filed with the minute order, but the corrected order contains no finding of fact.

We accept the correction as to the date, which resulted from a clerical error, but must ignore the *nunc pro tunc* order insofar as it deviates from the statement made by the court in announcing its decision. Such an order cannot validly enlarge upon the actual decision.)

The adjudication of contempt is void for the following reasons: (1) the court was not authorized to issue the temporary injunction of June 8th for the reason that the requirements of section 527 of the Code of Civil Procedure were not complied with. That section reads in part, ''An injunction may be granted at any time before judgment upon a verified complaint, or upon affidavits if the complaint in the one case, or the affidavits, in the other, show satisfactorily that sufficient grounds exist therefor.'' An application for injunctive relief in an action for divorce or separate maintenance is governed by these provisions. (See *McDonald* v.

*Superior Court*, 18 Cal.App.2d 652 [64 P.2d 738]; *cf.*, Code Civ. Proc., § 529.) ■ The present case is not one where a question of law exists as to the sufficiency of the facts averred by the applicant to justify an order made in the exercise of the court's jurisdiction. (*Cf.*, *Kelsey* v. *Superior Court*, 40 Cal.App. 229, 234 [180 P. 662].) On the contrary, the present record discloses a complete absence of *any* factual showing by pleading or affidavit upon which the court could have based a finding of the existence or nonexistence of grounds for granting the temporary injunction.

It has been held that the provisions of section 527 are the measure of "the power of trial courts in the matter of provisional injunctions." (*United Railroads* v. *Superior Court*, 170 Cal. 755, 759 [151 P. 129, Ann.Cas. 1916E 199].) And for the purpose of determining the right to restraint by prohibition the procedural requirements of the section go to the jurisdiction of the trial court. A verified showing is indispensable to the exercise of injunctive power under the rule that "though the court has jurisdiction over the subject matter and the parties in the fundamental sense, it has no 'jurisdiction' (or power) to act except in a particular manner, or to give certain kinds of relief, *or to act without the occurrence of certain procedural prerequisites.*" (Emphasis added.) (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) Accordingly, because of the failure to observe the procedural requirements of section 527, the court was without jurisdiction to render the order for the alleged violation of which petitioner was adjudged guilty of contempt. (*Cf.*, *Green* v. *Superior Court*, 65 Cal.App. 237 [223 P. 582]; *Northcutt* v. *Superior Court*, 66 Cal.App. 350 [226 P. 25]; *Kelsey* v. *Superior Court, supra,* 40 Cal.App. 229, 236.) ■ Disobedience of a void order, of course, does not constitute contempt. (*Kreling* v. *Superior Court*, 18 Cal.2d 884 [118 P.2d 470]; *In re Carroll,* 135 Cal.App. 672 [28 P.2d 84].)

(2) No facts were found which would constitute wilful violation of either order. ■ A finding that one accused of contempt is in violation of an order of court states only a conclusion of law. ■ Although the affidavit for the order to show cause contained a sufficient statement of facts, there was no finding that any of such allegations was true. Nothing can be implied in support of an adjudication of contempt. (*Hotaling* v. *Superior Court,* 191 Cal. 501 [217 P. 73, 29 A.L.R. 127]; *In re Donovan, ante,* p. 399, 402 [210 P.2d 860],

and cases there cited.) Such an order will not be permitted to stand unless the record unmistakably shows that the court found to be true all of the facts constituting contempt of the authority of the court. (*Groves* v. *Superior Court,* 62 Cal.App.2d 559, 569 [145 P.2d 355] ; *In re Meyer,* 131 Cal.App. 41 [20 P.2d 732] ; *Merritt* v. *Superior Court,* 93 Cal.App. 177 [269 P. 547] ; *Bakeman* v. *Superior Court,* 37 Cal.App. 785 [174 P. 911] ; *In re Northern,* 18 Cal.App. 52 [121 P. 1010].)

A peremptory writ will issue.

Wood, J., and Vallée, J., concurred.