[Civ. No. 14993.   First Dist., Div. Two.   Sept. 5, 1952.]

JACK RAMOS et al., Respondents, v. UNITED SLATE, TILE AND COMPOSITION ROOFERS, DAMP AND WATERPROOF WORKERS ASSOCIATION, LOCAL NO. 40 (a Labor Organization) et al., Appellants.

P. H. McCarthy, Jr., F. Nason O'Hara and Herbert S. Johnson for Appellants.

Aaronson & Cohn for Respondents.

GOODELL, J.—On February 13, 1951, a verified complaint was filed wherein plaintiffs sought an injunction to prevent picketing. An order to show cause was immediately issued and served, setting the hearing for February 16th and on that day the matter was heard and continued to the 19th and then to the 21st. On the 20th an amended complaint was filed but no new order to show cause was obtained. On the 21st an order was made that a preliminary injunction should issue. This appeal followed.

Appellants state their contention as follows: "The only question presented for decision is whether the filing

of the first amended complaint substantially differing from the original complaint upon which the order to show cause was based, did not vacate the order to show cause and divest the trial court of its jurisdiction to proceed thereon.''

Appellants do not attempt to point out wherein the two complaints substantially differ, nor do respondents attempt to show that they do not so differ. Moreover, appellants cite no authority in support of their position but concede that their ''extensive search of the California authorities fails to reveal any case directly in point.'' And although the appeal is from an order granting an injunction, appellants have not seen fit to bring up as part of the record the injunction itself.

In 1951 a project was under way in San Mateo County for the construction of a group of approximately 500 homes. Sterling Home Builders Company was the general contractor, and plaintiffs, who are licensed roofing contractors, had the subcontract for the roofing work. Plaintiffs employ only union labor and had an agreement with Wood, Composition and Asbestos Shinglers' Union, Local No. 3111, an American Federation of Labor local, that the members of 3111 would be employed on the roofing work. *No dispute existed between plaintiffs and Local 3111.*

Defendant United Slate, Tile and Composition Roofers, Damp and Waterproof Workers' Association, Local No. 40 is also an American Federation of Labor union, and between the two locals a jurisdictional dispute existed over the roofing work on this project.

On October 1, 1949, these two locals agreed, with American Federation of Labor approval, to submit their jurisdictional disputes to The National Joint Board for Settlement of Jurisdictional Disputes. For some time defendants had maintained that plaintiffs' employees should be members of Local 40, the latter claiming sole jurisdiction in this field of construction.

On February 12, 1951, defendants caused a picket or pickets to be placed about said jobs and threatened to maintain the picket line until such time as the members of Local 40 were employed by plaintiffs, and it was this incident that gave rise to this action.

The facts hereinabove summarized are alleged in *both* complaints.

The original complaint alleged ''That the presence of pickets implies to the general public, to other employees of

the plaintiffs, to the general contractor and its employees, and to materialmen . . . that a dispute exists between plaintiffs and some union . . . which . . . will cause the plaintiffs irreparable harm . . . and that plaintiffs will be unable to complete the work contracted for. . . ." The amended complaint contains substantially the same statement. Both pleadings allege that plaintiffs cannot lawfully employ any of the members of Local 40 because of their agreement with Local 3111 to employ its members. Both pleadings allege that defendants are financially irresponsible and insolvent.

The amended complaint described the location of the project with more particularity than did the original complaint and it added "That all of the materials and services required for this job are acquired in intra-state commerce." It added also that plaintiffs' agreement with Local 3111 was *in writing*.

Paragraph VI of the amended complaint, dealing with the agreement of October 1, 1949, for the submission of the jurisdictional disputes of 3111 and 40 to the National Board, calls it a "committee" instead, and names John T. Dunlop as its chairman. The following allegation therein is new: "Such agreement also provides that during the time a dispute is pending before said committee, (1) there shall be no stoppage of work, (2) the union originally assigned to the work prior to the time of submission of the dispute shall continue with the work, and (3) that no pickets will be permitted on the job." This of course is nothing but an amplification respecting the contents of the agreement originally pleaded. It did not plead any new incident or any new ground for an injunction.

Paragraph VII is new. It alleges that on November 28, 1950, defendants disputed the right of Local 3111 to perform the work for plaintiffs and caused a picket to be placed at the job; that defendants and Local 3111 authorized Associated Home Builders (of which Sterling is a member) to submit this jurisdictional dispute to the board, and that on November 30 Chairman Dunlop telegraphed defendants: "Informed roofers are on strike and picketing in jurisdictional dispute with carpenters over installation of composition shingles, . . . Sterling Building Company Contractor. You are directed to direct local union to remove picket line and to return to work immediately . . ."; that defendants thereupon removed the pickets and reaffirmed the agreement between 3111 and 40 that pending the settlement and final

determination of the dispute they would abide by the agreement of October 1, 1949, which provided for (1) no stoppage of work, (2) that the union originally assigned to the work should continue with the work, and (3) that no pickets would be permitted on the job.

While entirely new, it will be seen at a glance that all paragraph VII does is to allege that defendants had picketed the job two months earlier; that both locals had submitted the controversy, then acute, to the board which within 48 hours ruled against Local 40; that the latter acceded and withdrew the picket line. It gave a background for defendants' February action, by showing aggravation, but, after all, it left the February 12 picketing as the ground—and the sole ground—for the injunction.

Paragraph VIII is not altogether new. It again alleges the February 12 incident and adds that the picket bore the designation "A. F. of L. Picket." It alleges that Associated Home Builders again contacted Dunlop, who, by telegram dated February 14, directed the removal of the picket line but that defendants had refused to abide by such directive. This, like paragraph VII, is nothing but an allegation of further aggravation.

Paragraph IX is somewhat new. It alleges, inter alia, "That while the plaintiffs are attempting to complete their work, no union employee of the general contractor and no union employee of any of the other sub-contractors of the general contractor will remain on the job, so that delay and irreparable harm and injury will result to the general contractor and each of its sub-contractors if the plaintiffs attempt to carry out the terms of their agreement with the general contractor. That the plaintiffs cannot discharge their present employees for the reason that they would be violating their agreement with Local No. 3111 which provides for the employment only of union labor who are members of said Local No. 3111."

While new, it is simply an argumentative expansion of the reasons alleged earlier as to the *consequences* of defendants' actions. It states no new *cause*.

Paragraph X alleges "That the picketing . . . is illegal . . . and maintained solely for the purpose of attempting to coerce plaintiffs into a breach of their contract with Local No. 3111 to avoid financial loss." Substantially the same allegation, but without the coercive language, was in the first complaint.

Paragraph XI alleges "That the picketing complained of is illegal . . . because . . . the sign bearing the notice 'A. F. of L. Picket' is misleading in that it implies that a labor union dispute exists between some employer and some union or member thereof, when in truth and in fact no dispute whatever exists." The original complaint did not allege that the picket was identified as representing the American Federation of Labor; otherwise it is substantially unchanged.

It thus appears that there is nothing in the amended complaint which changed in any essential respect the allegations of the original complaint on which the order to show cause was issued. No new incident or cause was introduced into the case by it.

Section 527, Code of Civil Procedure, provides for the issuance of "An injunction . . . upon a verified complaint, or upon affidavits." The amended complaint was verified. Every one of its new allegations could have been laid before the court by affidavit instead of by pleading, in which event appellants would have no basis or foundation for the procedural point now urged (which is their only point) that the filing of the amended complaint vacated the order to show cause and divested the court of jurisdiction to proceed.

As a matter of fact plaintiffs (at the time they served and filed their amended complaint) laid before the court the affidavit of the business agent of Local 3111 which contained the substance of the allegations found in paragraphs VI, VII and VIII of the amended complaint (omitting the quotation of Dunlop's telegraphic ruling). Plaintiffs could have safely dispensed with these allegations in the amended complaint as long as that affidavit was before the court.

The amplifying allegations effected no essential changes in the cause of action as originally pleaded but merely rounded out the original allegations. The plaintiffs' case still remained one based on the picketing which commenced on February 12. The original complaint pleaded a dispute between *two local unions belonging to the same parent organization,* as to which union should have its members employed on this large roofing job; it was purely an internal and private dispute. Plaintiffs had a written contract with one of them, binding plaintiffs to employ *its* members; they alleged that defendants' actions sought to force them into a breach of that contract. The added allegations showed that the board to which both 3111 and 40 had agreed to submit their controversies had repeatedly decided against Local 40 and that

the latter, after once acceding, had finally refused to be bound by the board's decisions. Plaintiffs were not parties to any contract save the one which bound them to continue to employ the members of Local 3111, and they had no controversy with anyone.

The court could have wholly disregarded the amended complaint, and still a case for a preliminary injunction would have been made.

Appellants contend that the provisions of section 527 are the measure of "the power of trial courts in the matter of provisional injunctions" (*Harlan* v. *Superior Court,* 94 Cal. App.2d 902, 905 [211 P.2d 942], citing *United Railroads* v. *Superior Court,* 170 Cal. 755, 759 [151 P. 129, Ann.Cas. 1916E 199]). There can be no doubt of that, but in the case at bar an order to show cause was immediately issued and served on the filing of the original complaint, which, when read with the original complaint, gave the defendants all the notice they were entitled to, and nothing contained in the amended complaint (filed on February 20 but served the day before, right in the middle of the hearing) called for a new order to show cause, or for vacating the old one.

We see no reason to discuss other collateral arguments made by appellants or to discuss any of their other citations since they admit they cannot supply any authority directly supporting their position.

The order is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied October 4, 1952, and appellants' petition for a hearing by the Supreme Court was denied October 30, 1952.